(No. 58253.—

JOHN WHEATLEY *et al.*, Appellees, v. THE BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 205, Appellant.

*Opinion filed February 1, 1984.*

John H. Hager and David K. Staub, of Cowen, Crowley & Hager, of Chicago, for appellant.

Peter M. Katsaros and Wayne Schwartzman, of Hirsh & Schwartzman, P.C., of Chicago, for appellees.

JUSTICE MORAN delivered the opinion of the court:

This action was brought in the circuit court of Cook County by plaintiffs, John Wheatley and Celeste Mazor, who were school teachers honorably dismissed by defendant, Board of Education of Township High School District 205, Cook County (the Board). Plaintiffs instituted this suit as a class action seeking a writ of *mandamus* and declaratory relief for themselves and 57 other teachers who were honorably dismissed by the Board. The trial court dismissed the complaint, finding that the issues were moot. The appellate court reversed and remanded the cause for further proceedings on the merits. (113 Ill. App. 3d 129.) Thereafter, this court allowed defendant's petition for leave to appeal. 85 Ill. 2d R. 315.

There are two questions presented for review: (1) Is this class action viable? and (2) Does the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12) require a public hearing when a school board's dismissal of teachers is not based solely on economic necessity?

Following a school board meeting on April 8, 1981, the Board honorably dismissed 26 tenured and 33 nontenured teachers. On May 7, 1981, plaintiffs filed this class action requesting a writ of *mandamus* directing the Board to rescind its dismissals of the teachers and a declaratory judgment that the Board violated section 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12) by dismissing the teachers without first holding a public hearing. Plaintiffs' claim is based on the following language of the School Code:

> "Whenever the number of honorable dismissal notices based upon economic necessity exceeds 5, or 150% of the average number of teachers honorably dismissed in the preceding 3 years, whichever is more, then the board shall hold a public hearing on the question of the dismissals." Ill. Rev. Stat. 1979, ch. 122, par. 24—12.

On June 6, 1981, the named plaintiffs accepted the

Board's offer of reemployment. On June 23, 1981, the parties filed cross-motions for summary judgment. Because of its disposition of a subsequently filed motion to dismiss, the court did not rule upon the summary judgment motions.

By the beginning of the 1981-82 school year, but after the summary judgment motions were filed, all but five of the honorably dismissed tenured teachers were either reemployed or offered, but refused, reemployment by the Board. On September 9, 1981, the Board filed a motion to dismiss the complaint. The motion was supported by an affidavit from the Board's Superintendent of Schools which stated that the teachers were dismissed "because of a necessity to reduce the teaching force due to declining enrollment, organizational efficiency and economic necessity." The Board argued that the change in circumstances rendered the issues moot and also that a public hearing was not required, since the teachers were dismissed for reasons in addition to economic necessity. We note parenthetically that, during arguments on the motion to dismiss, counsel for the Board informed the court that one of the five remaining unemployed tenured teachers was offered, but refused, the Board's offer of reemployment.

The trial court agreed that the issues were moot and dismissed the complaint. The court also concluded that section 24—12 of the School Code requires a public hearing only when more than five tenured teachers remain unemployed in the school year immediately following their honorable dismissals. The appellate court reversed, concluding that section 24—12 takes effect when the number of dismissal notices sent exceeded five and, therefore, the issues were not moot as to the tenured teachers who were not offered reemployment.

The Board maintains that this action should be dismissed because the interests of the named representative plaintiffs are moot. An issue is moot if no actual controversy exists or where events occur which make it impos-

sible for the court to grant effectual relief. (*West Side Organization Health Services Corp. v. Thompson* (1980), 79 Ill. 2d 503, 507; *Chicago City Bank & Trust Co. v. Board of Education* (1944), 386 Ill. 508, 519.) The record shows that, one month after this action was filed, the named representative plaintiffs accepted the Board's offer of employment. By virtue of accepting employment, they were granted the essential relief demanded. Under these circumstances, it is clear that the interests of the named representative plaintiffs are moot because there is no longer a controversy between them and the Board.

Illinois courts have found exceptions to the mootness doctrine in actions where there is substantial public interest (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622-23) or where the issues were likely to recur but unlikely to last long enough to allow appellate review to take place (*August H. Skoglund Co. v. Department of Transportation* (1978), 67 Ill. App. 3d 276, 279-80). Plaintiffs assert that this action presents questions of substantial public interest because "the number of experienced teachers willing to dedicate themselves to long years of public service is bound to dwindle" if a school board is permitted to dismiss teachers each spring and rehire them the following fall. Plaintiffs further argue that the issues here are likely to recur if school boards are allowed to avoid holding public hearings on economic dismissals by rehiring enough teachers to escape the statutory minimum. Due to the conclusions reached, we find that the exceptions to the mootness doctrine are not applicable in this instance.

Plaintiffs urge that the action should not be dismissed, even if this court finds that their claims are moot, because relief can be granted for the tenured teachers who were not offered reemployment. As above noted, plaintiffs instituted this suit as a class action on behalf of themselves and for all other teachers similarly situated. However, they never moved for or received class certification prior to the

trial court's granting of the Board's motion to dismiss.

The class-action statute provides:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the class." (Ill. Rev. Stat. 1979, ch. 110, par. 57.3(a).)

As held in *Schlessinger v. Olsen* (1981), 86 Ill. 2d 314, 317-18, a trial court may rule upon a defendant's motion to dismiss before the question of class certification has been decided, even though certification should be determined "as soon as practicable."

The named plaintiffs in a class action have the burden of establishing the statutory prerequisites, and the court must find the prerequisites present before it can sanction the maintenance of the suit as a class action. (*McCabe v. Burgess* (1979), 75 Ill. 2d 457, 463-64, *cert. denied* (1979), 444 U.S. 916, 62 L. Ed. 2d 170, 100 S. Ct. 230.) The statutory prerequisites are:

"(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." Ill. Rev. Stat. 1979, ch. 110, par. 57.2.

This court has held that the requirement that the named representative of the putative class possess a valid claim against the defendant is subsumed in requirements (2) and (3) of the class-action statute. (*Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 48.) Because the claims of the named representatives here have been resolved, they are not proper parties who would fairly and adequately protect the interest of the class they purport to represent. Once a representative plaintiff is granted the

desired relief, he is no longer a member of the class because his interests are not consistent with the interests of the other class members. Moreover, where a named party does not have an interest in the litigation, there is no reason to expect zealous representation by him on behalf of the class. (See *McCleary v. Realty Industries, Inc.* (E.D. Va. 1975), 405 F. Supp. 128; (*cf. Board of School Commissioners v. Jacobs* (1975), 420 U.S. 128, 43 L. Ed. 2d 74, 95 S. Ct. 848; *Valentino v. Howlett* (7th Cir. 1976), 528 F.2d 975; *Locke v. Board of Public Instruction* (5th Cir. 1974), 499 F.2d 359.) No remaining member of the class sought to substitute himself as a named representative and, therefore, certification requirement (2) could not be met. We therefore conclude that the requirements for class certification cannot be met and that the named plaintiffs may not maintain this action.

In light of our disposition of the issues above, we need not reach plaintiffs' other contention. For the reasons stated, the judgment of the appellate court is reversed and the order of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*