FIFTH DIVISION

November 30, 2001 

No. 1-00-2099

DANA GELB, Indiv. and on Behalf of Those ) Appeal from the

Similarly Situated, ) Circuit Court of

) Cook County.

Plaintiff-Appellant, )

) 

) No. 00 CH 1511

AIR CON REFRIGERATION AND HEATING, ) 

INC.; HILL MECHANICAL CORPORATION; ) 

CHICAGOLAND SHEET METAL ) Honorable

CONTRACTORS ASSOCIATION; and John Does ) Moshe Jacobius,

1 to 99, ) Judge Presiding.

Defendants-Appellees. )

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Dana Gelb (Gelb) filed this suit on January 28, 2000, alleging that defendants Air Con Refrigeration & Heating, Inc. (Air Con), Hill Mechanical Corp. (Hill), Chicagoland Sheet Metal Contractors Association (the Association), and John Does 1 to 99 conspired to violate and were violating the Illinois Minimum Wage Law (820 ILCS 105/1 
et seq.
 (West 1998)) by providing lower overtime wages than those prescribed by law.  Gelb prayed for a determination that the case proceed as a class action for accounting of lost wages for himself and the class, payment of lost wages for himself and the class, a declaration of the illegality of defendants' unlawful practices, an injunction barring defendants' unlawful practices, statutory penalties, interest, and attorney's fees.  However, days later on the 15th of March, 2000, before the plaintiff filed a motion for class certification, defendants Hill and Air Con made a settlement offer to pay plaintiff's individual back wages plus interest, statutory penalties, and attorney fees.  Plaintiff rejected the settlement offer because the amount of back wages to be paid was not specified, the attorney fees were not specified, and no offer was made to stop the allegedly illegal practice or provide any class relief.

Hill, Air Con, and the Association then filed a joint motion under sections 2-615 and 2-619(a) of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619(a) (West 1998)) to dismiss the plaintiff's complaint on the basis that Hill and Air Con's tender to the plaintiff removed the case or controversy between the plaintiff and the named defendants, and accordingly, plaintiff's case was moot.  The trial court agreed and granted the motion to dismiss plaintiff's complaint and cause of action.  Plaintiff has appealed, and for the reasons that follow, we reverse and remand.

Plaintiff is a sheet metal worker who was employed by Hill and Air Con and was paid wages on an hourly basis.  In his putative class-action complaint, filed on January 28, 2000, he argued that these defendants and John Does 1 to 99 are entities who had entered into a conspiracy to pay their hourly wage earners a lower rate of overtime pay than required by the Minimum Wage Law.  Specifically, he alleged that under the Minimum Wage Law, an employer is required to pay its employees an overtime premium – 50% of the workers' regular rate of pay –  for each hour over 40 hours that was worked in a week.  However, defendants calculated their workers' overtime premiums by intentionally lowering the workers' regular rates of pay by $1.62 for "savings plan amounts" or "organization and education amounts."  Consequently, he avers, these reductions in the employees' regular rates of pay also resulted in depriving the workers of $0.81 (50% of $1.62) in overtime premiums for every hour of overtime worked.  Plaintiff also claimed that, as a part of the conspiracy, the Association instructed the employer-defendants to make the unlawful reductions in overtime pay.  

In his prayer for relief, plaintiff sought an express determination that the case should proceed as a class action.  As previously noted, he also requested an accounting of lost wages for himself and the class, payment of lost wages for himself and the class, a declaration of the illegality of defendants' unlawful practices, an injunction barring defendants' unlawful practices, statutory penalties, interest, and attorney fees. 

Roughly two weeks after filing his complaint, plaintiff served Hill, Air Con, and the Association with interrogatories and document requests.  Those discovery requests were aimed at obtaining the identities of John Does 1 to 99 and other information necessary to file a motion for class certification.  That discovery was stayed.

One month later, Hill and Air Con made a settlement offer.  Those defendants offered to:

"[P]rovide Mr. Gelb all overtime wages allegedly due or unpaid to him (pursuant to the allegations set forth in his complaint) in accordance with the Illinois Minimum Wage Law.  The [d]efendants will award him pre-judgment interest as he claims he is entitled to receive pursuant to 815 ILCS 205/2.  The [d]efendants will award the [p]laintiff individual punitive damages as he claims entitlement pursuant to 820 ILCS 105/12.  Finally, the [d]efendants will pay Mr. Gelb's reasonable attorney's fees and costs incurred pursuing his claim against them.  It is our understanding that Mr. Gelb is not currently employed by either Hill Mechanical Corp. or Air Con Refrigeration & Heating, Inc., at this time."

Defendants' offer further stated:

"This offer is being made for settlement purposes only.  It is not an admission of nor a comment upon the merits of any claim Mr. Gelb may have alleged against any [d]efendant in case 00-CH-1511."

In a letter dated March 24, 2000, plaintiff rejected the settlement offer, and his counsel responded as follows:

"Mr. Gelb would be interested in your offer if it were to provide the offered relief to all members of the class.  Furthermore, we believe that it is in all parties' interest for any settlement to include a provision ending your client's unlawful practice (and conspiracy) of deducting ‛savings plan' amounts and ‛organizing' amounts from employees regular rate in the calculation of overtime pay.

Please let me know whether you wish to continue pursuing the possibility of settlement at the present time.  In any event, I remain open to discussing settlement with you at any time during the litigation."

Also on that date, defendants Hill, Air Con, and the Association filed a motion to dismiss pursuant to section 2-619(a).  In that motion, defendants admitted that the employer-defendants were, in fact, subtracting $0.81 per hour of overtime worked.  However, they argued that the employer-defendants were required to do so until 2002 under a collective bargaining agreement into which they entered with the Sheet Metal Workers International Association Local No. 73 (the union).  Because plaintiff was a member of the union, he was subject to the terms of that agreement.  They also argued that by virtue of Hill and Air Con's settlement offer, plaintiff had been offered everything that he was individually requesting in his complaint and that there was no justiciable controversy between the parties.  Consequently, they claimed that plaintiff's individual claims had been mooted by the settlement tender and that he could no longer maintain any claim for himself or for any class.  

On May 19, 2000, the circuit court granted defendants' motion and dismissed plaintiff's complaint. 

As we recently noted in 
In re Marriage of Buck
, 318 Ill. App. 3d 489, 493 (2000), "[a] motion to dismiss admits all well-pleaded facts.  Its purpose is to raise an issue of law as to the legal sufficiency of the allegations of the complaint.  
Ostendorf [ v. International Harvester Corp.
], 89 Ill. 2d [273, 280 (1982)].  The standard of review for a dismissal based on a section 2-619 motion is 
de novo
.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993).  A motion to dismiss should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the plaintiff to recover.  
Ostendorf
, 89 Ill. 2d at 280."

Our main task in this case is to determine whether defendants' tender mooted plaintiff's putative class action.  To reiterate, plaintiff's complaint alleged that defendants were paying their workers $0.81 less per hour of overtime work than required by law.  In his prayer for relief, plaintiff requested defendants account for an undetermined number of overtime hours worked and overtime wages due during the class period and up to the date of entry of judgment and that they reimburse an undetermined amount of overtime wages due and unpaid during that period as well.  The complaint also sought an undetermined amount of prejudgment interest, punitive damages, and attorney fees and costs.

After plaintiff's complaint was filed but before a motion for class certification came before the trial court, Air Con and Hill offered: (1) "all overtime wages allegedly due or unpaid to him"; (2) "pre-judgment interest as he claims he is entitled to receive"; (3) "individual punitive damages [to which] he claims entitlement"; and (4) "reasonable attorney's fees and costs incurred pursuing his claim."  In other words, defendants offered a total reimbursement of the entire amounts demanded by plaintiff in his prayer for relief.

Plaintiff's first argument is that he was never offered a full and complete tender of the relief he requested where:  (1) defendants did not provide plaintiff with an accounting of his lost wages as requested; (2) defendants did not offer a declaration as requested that the employer-defendants' practice of paying the workers less than their due, as well as the conspiracy to perpetuate this, was unlawful; and (3) defendants' offer did not provide for a consent decree or anything resembling the injunction requested in the complaint.  Plaintiff claims that because such tender did not provide him with all that he was requesting, it is not sufficient to moot his claims.

While it is true that defendant's tender did not include an accounting of plaintiff's lost wages, the reality of the situation is that plaintiff would not have lost wages once the tender was made.  Further, while defendants did not supply a declaration that their practice of underpaying the workers was unlawful, it is also true that once the tender is made, plaintiff ostensibly would not be an underpaid worker who shared interests with other class members.  As a result, defendants would have nothing illegal to admit with respect to plaintiff's individual claims, since technically, no wrong would be visited upon plaintiff once his monetary damages were tendered.  Lastly, it is also undisputed that defendants never supplied a consent decree or anything resembling an injunction as requested.  However, it certainly would be unusual for defendants to enjoin themselves from acting in a particular way where no specific harm seemingly could be alleged by the named party-plaintiff.  Once plaintiff is offered the full amount of his claims, he then has no grounds on which to complain.  See, 
e.g.
, 
Deposit Guaranty National Bank of Jackson, Mississippi v. Roper
, 445 U.S. 326, 333, 63 L. Ed. 2d 427, 436, 100 S. Ct. 1166, 1171 (1980).

Ultimately, however, a determination of whether defendants' tender has supplied plaintiff with all he requested is not the deciding factor of this case.  Rather, we believe the crux of the matter is to be resolved through an examination of when, in the life span of this suit at the trial level, such tender was made.  For even if a court is to conclude, as we have, that full tender has been made, a question still exists as to whether the tender unfairly "picked off" the prospective class action representative without offering him a full opportunity to develop his class action claim.  As will become apparent, we believe that is exactly what happened in this case.   

Recently, we confronted a somewhat similar situation in 
Yu v. International Business Machines Corp.
, 314 Ill. App. 3d 892 (2000).  There, the plaintiff filed a class action seeking to recover damages arising out of the sale of computer software that was not year 2000 (Y2K) compliant.  
Yu
, 314 Ill. App. 3d at 893-94.  However, before filing his motion for class certification, plaintiff became aware of a free upgrade offered by defendant that, once installed, would make the software Y2K compliant.  
Yu
, 314 Ill. App. 3d at 895-96.  In order to mitigate his damages, plaintiff accepted the upgrade.  
Yu
, 314 Ill. App. 3d at 896.  Defendant then filed a section 2-619(a)(9) motion to dismiss, alleging that plaintiff's case was rendered moot due to defendant's tender.  
Yu
, 314 Ill. App. 3d at 896.  The trial court granted defendant's motion, and we affirmed, noting that "[a]n issue is moot if no actual controversy exists or where events occur that make it impossible for the court to grant effectual relief.  
Wheatley v. Board of Education of Township High School District 205
, 99 Ill. 2d 481, 484-85, 459 N.E.2d 1364 (1984)."  
Yu
, 314 Ill. App. 3d at 898.  Ultimately, we found:

"Once defendants tendered the requested relief to plaintiff and his Medic system was Y2K compliant, there was no longer a case or controversy.  As in 
Wheatley
, once plaintiff accepted this remedy, plaintiff was no longer an appropriate representative of the interests of the class.  ‛ "If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." '  
Magnuson v. City of Hickory Hills
, 933 F.2d 562, 565 (7th Cir. 1991), quoting 
O'Shea v. Littleton
, 414 U.S. 488, 494, 38 L. Ed. 2d 674, 682, 94 S. Ct. 669, 675 (1974)."  
Yu
, 314 Ill. App. 3d at 898-99. 

Unlike the plaintiffs in 
Wheatley
 and 
Yu
, however, the plaintiff in the present case never accepted the tender given by the defendants.  Consequently, we must decide whether it is the act of defendant's tender –before plaintiff files for class certification– of full relief to the plaintiff that pulls plaintiff out of the controversy, or whether plaintiff's rejection of that tender keeps his case and controversy alive.  Furthermore, we must decide whether the timing of defendant's tender was such that it unfairly prohibited plaintiff from developing his claim.       

 A number of federal courts have addressed factually similar situations.  In 
Holstein v. City of Chicago
, 29 F.3d 1145 (7th Cir. 1994), a named plaintiff, Brian Grove, sued the City of Chicago (City) individually and on behalf of those similarly situated.  He argued that after the City towed his car, its post-tow hearing procedures were unconstitutional.  
Holstein
, 29 F.3d at 1147.  Within three months after Grove's car was towed, however, the City responded to his previous written and oral complaints that the tows were improper, and offered to refund his money.  
Holstein
, 29 F.3d at 1147.  At that point, Grove had not sought certification from the district court of his putative class, but refused the City's offer of restitution.  
Holstein
, 29 F.3d at 1146, 1147.  The court held:

"[T]he City has offered Grove all the damages due him; he does not argue that the offer does not adequately reimburse him or that the City's offer is insincere.  Grove may not spurn this offer of all the damages he is owed and proceed to trial.  
See Alliance to End Repression v. City of Chicago
, 820 F.2d 873, 878 (7th Cir. 1987). ‛Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.'  
Rand v. Monsanto Co.
, 926 F.2d 596, 598 (7th Cir. 1991) (citations omitted).  Hence, Grove's claim is moot."  
Holstein
, 29 F.3d at 1147.

The court also noted the different treatment to be given in instances where a plaintiff seeks to represent a class:

"Ordinarily, simply determining that a plaintiff's case is moot dictates that his claim must be dismissed for lack of subject matter jurisdiction.  But mootness requirements are somewhat different where the plaintiff attempts to represent a class.  If the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided. [Citation.]  Here, *** Grove did not even move for class certification prior to the evaporation of his personal stake.  Grove, then, cannot avail himself of the class exception to the mootness doctrine."  
Holstein
, 29 F.3d at 1147.

In the case upon which the trial court primarily relied, 
Greisz v. Household Bank (Illinois), N.A.
, 176 F.3d 1012 (7th Cir. 1999), the plaintiff sued a company from which she bought a furnace and air conditioning unit and the bank-issuer of the credit card used to make the purchase.  The district court granted the issuer's motion for partial summary judgment, then denied class certification, and ultimately dismissed the entire action.  
Greisz
, 176 F.3d at 1013.  The Seventh Circuit Court of Appeals affirmed, holding:

"Without any evidence of actual damages, the maximum damages she could obtain were $1000 [citations] plus reasonable costs and attorney's fees. [Citation.]By [making a Federal Rule 68 offer of judgment] offering her $1,200 plus reasonable costs and attorney's fees, the bank thus was offering her more than her claim was worth to her in a pecuniary sense.  Such an offer, by giving the plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a default judgment would have been), eliminates a legal dispute upon which federal jurisdiction can be based.  
Holstein v. City of Chicago
, 29 F.3d 1145, 1147 (7th Cir. 1994); 
Rand v. Monsanto
, 926 F.2d 596, 597-98 (7th Cir. 1991); 
Alpern v. UtiliCorp United, Inc.
, 84 F.3d 1525, 1539 (8th Cir. 1996); 
Zimmerman v. Bell
, 800 F.2d 386, 390 (4th Cir. 1986).  You cannot persist in suing after you've won."  
Greisz
, 176 F. 3d at 1015.

However, the court went on:  

"We would have a different case if the bank had tried to buy off Greisz with a settlement offer greater than her claim before the judge decided whether to certify the class.  For then [plaintiff's attorney] would have had to find another named plaintiff to keep the suit alive, and if the defendants had bought off 
that
 plaintiff as well and had repeated this tactic as [plaintiff's attorney] scrounged for a class representative, they might have hamstrung the suit.  The tactic is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the 
entire
 relief suit, 
Alpern v. UtiliCorp United, Inc.
, 
supra
 84 F.3d 1525, 1539 (8th Cir. 1996); 
Deposit Guaranty National Bank v. Roper
, 445 U.S. 326, 341, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980) (concurring opinion), unless the offer comes before class certification is sought, 
Holstein v. City of Chicago
, 
supra
, 29 F.3d at 1147, and so before the existence of other potential plaintiffs has been announced." (Emphasis in original.)  
Greisz
, 176 F.3d at 1015.

Similarly, in a recent district court opinion, 
Wiskur v. Short Term Loans, LLC
, 94 F. Supp. 2d 937 (N.D. Ill. 2000), the plaintiff filed a putative class action complaint alleging violations of the Federal Truth in Lending Act (15 U.S.C. §1601 
et seq. 
(1994)) and various state laws.  Prior to her filing a motion for class certification, however, defendants tendered her an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 68), which was greater than the relief she could have obtained had she prosecuted the case to judgment.  
Wiskur
, 94 F. Supp. 2d at 938.  Plaintiff let the Rule 68 offer lapse, and defendant then moved to dismiss the case for lack of subject matter jurisdiction, arguing that the case was moot because there was no actual case or controversy.  
Wiskur
, 94 F. Supp.2d at 938.  The court held:

"An offer of settlement (or judgment) greater than the named plaintiff's claim that comes before a motion for class certification is the equivalent of a default judgment against the defendant, and eliminates the legal dispute upon which federal jurisdiction can be based.  
Greisz
, 176 F.3d at 1015 (citing 
Holstein
, 29 F.3d at 1147).  Therefore, because defendant's Rule 68 offer on Wiskur's *** claim came before a motion for class certification was sought, and was for an amount greater than Wiskur could have received had she gone to judgment, [her] claim was moot once the offer was made.  She could not persist in suing after having won.  
Greisz
, 176 F.3d at 1015.  That much is indisputable."  
Wiskur
, 94 F. Supp. 2d at 939.

As a recent district court case has pointed out, however, 
Holstein
 and 
Greisz
 are arguably inconsistent.  
Asch v. Teller, Levit & Silvertrust, P.C.
, 200 F.R.D. 399, 400 (N.D. Ill. 2000).  The court noted:

"
Holstein
 thus states that after a class is certified, an individual settlement offer will not moot the action, but before certification, it will; 
Holstein
, however, begs the question of what occurs during the pendency of an unresolved motion for class certification.  
Greisz
 states that once class certification is denied, settlement with the individual named plaintiff is permissible, but before the decision on certification, such a settlement is impermissible, suggesting that once a complaint is filed seeking class certification, the named party may have obligations to the class."  
Asch
, 200 F.R.D. at 400.

We have also previously addressed different variations of this issue.  In 
Hillenbrand v. Meyer Medical Group, S.C.
, 308 Ill. App. 3d 381 (1999), a member of a health maintenance organization (HMO) brought a putative class action against the HMO, a health care provider, and its agent to invalidate a physician's lien in which Meyer sought "complete reimbursement of those benefits [which Meyer provided] out of any settlement or judgment received."  
Hillenbrand
, 308 Ill. App. 3d at 383.  Plaintiff's attorney had previously settled a tort claim, and the amount covered by the lien was issued in a check payable to Hillenbrand, her attorney (for his attorney fees), and Meyer's agent.  
Hillenbrand
, 308 Ill. App. 3d at 383.  Hillenbrand and her attorney did not endorse the check and filed suit.  Plaintiffs filed a motion for class certification, and before the court ruled upon it, it granted summary judgment to defendants.  
Hillenbrand
, 308 Ill. App. 3d at 384.  This court reversed and remanded, and while on remand, Meyer sent Hillenbrand's attorney a letter that offered to pay him the relief he sought; namely, one third of the amount covered by Meyer's lien (the attorney fees) plus reasonable interest.  
Hillenbrand
, 308 Ill. App. 3d at 384.  Plaintiffs did not respond to the tender.

Defendants then filed a motion for summary judgment claiming, in pertinent part, that "as a result of Meyer's tender of payment, the plaintiffs' remaining claim was moot, leaving them without standing to represent the purported class."  
Hillenbrand
, 308 Ill. App. 3d at 385.  Without specifying its basis for doing so, the trial court granted defendants' motion.  On appeal, we found:

"[T]he plaintiffs contend that the payment tendered by Meyer did not moot their claim because they did not accept it.  We disagree.

Meyer offered to pay the attorney fees sought by [Hillenbrand's attorney], plus interest.  The offer has never been withdrawn.  As such, no controversy exists between the parties as to [Hillenbrand's attorney] fee.  The plaintiffs cannot perpetuate the controversy by merely refusing Meyer's tender."  
Hillenbrand
, 308 Ill. App. 3d at 389.

However, we stopped short of affirming the trial court and addressed plaintiffs' additional argument that, even if the settlement offer rendered their individual claims moot, the trial court erred in entering summary judgment in favor of the defendants prior to ruling on their pending motion for class certification.  
Hillenbrand
, 308 Ill. App. 3d at 390.  We found:

"It is clear that if a defendant tenders payment to the named plaintiffs in a class action after a class has been certified, the tender does not render the case moot as to the remaining class members.  
Franks v. Bowman Transportation Co.
, 424 U.S. 747, 753-55, 47 L. Ed. 2d 444, 455-56, 96 S. Ct. 1251, 1258-60 (1976).  In this case, Meyer's tender to the plaintiffs occurred prior to class certification.  We acknowledge that, as a general rule, a proper tender to the named plaintiffs prior to class certification mandates dismissal of the action.  
Lusardi v. Xerox Corp.
, 975    F.2d 964, 974 (3d Cir. 1992).  Such is not the case, however, when a motion for class certification is pending at the time the tender is made.  As the Seventh Circuit Court of Appeals stated in 
Susman v. Lincoln American Corp.
, 587 F.2d 866, 870 (7th Cir. 1978):

‛[W]hen a motion for class certification has been pursued with reasonable diligence and is then pending before the district court, a case does not become moot merely because of the tender to the named plaintiffs of their individual money damages.  The district court * * * should hear and decide that motion prior to deciding whether or not the case is mooted by the tender.'

To hold otherwise would allow a party to avoid ever defending a class action suit by simply tendering payment to the named plaintiffs, in each class action filed against it, prior to the trial court's ruling on their motion for class certification."  
Hillenbrand
, 308 Ill. App. 3d at 391-92.

Under the reasoning set forth in 
Susman
, we held that the trial court was obligated to rule on the pending motion for class certification before considering the effect of Meyer's tender on the named plaintiffs' individual claims.  Consequently, we could not affirm the trial court's decision on the basis of mootness.  
Hillenbrand
, 308 Ill. App. 3d at 392.

In the recent case of 
Arriola v. Time Insurance Co.
, 323 Ill. App. 3d 138 (2001), this court indicated another example of when tender may moot a plaintiff's claim:

"In 
Jankousky v. Jewel Cos.
, 182 Ill. App. 3d 763, 538 N.E.2d 689 (1989), the plaintiffs had signed releases after settling with Jewel in regards to a salmonella outbreak in the Chicagoland area.  The plaintiffs alleged that the defendant had fraudulently concealed information concerning the pendency of the class action suit of which they were potential members.  In affirming the trial court's dismissal of plaintiff's action, this court held: ‛There is no prohibition against communications, negotiations, or settlements with persons who fall within the proposed class prior to class certification.  The only limitation in such situations is when the settlements affect the rights of the nonsettling class members.  (
Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc.
, (2d Cir. 1972) 455 F.2d 770, 775; 
Vernon J. Rockler & Co. v. Minneapolis Shareholders Co.
 (D. Minn. 1977), 425 F. Supp. 145, 149-50).' 
Jankousky v. Jewel Cos.
, 182 Ill. App. 3d at 767."  
Arriola
, 323 Ill. App. 3d at 145.

Clearly, this demonstrates the importance Illinois courts attach to whether a motion to certify a class has been filed in determining the effect of tender on a class action suit. 

As stated, in 
Hillenbrand
, we held that no controversy exists between the parties where the defendant tenders the payment requested by the plaintiff plus interest.  "The plaintiffs cannot perpetuate the controversy by merely refusing [defendant's] tender."  
Hillenbrand
, 308 Ill. App. 3d at 389.  However, because a motion for class certification was pending, we concluded that we could not affirm on that basis before the certification motion was decided.  
Hillenbrand
, 308 Ill. App. 3d at 392.  Compare 
Susman
, 587 F.2d at 870; 
Lusardi
, 975 F.2d at 975; 
Roper
, 445 U.S. at 340, 63 L. Ed. 2d at 440, 100 S. Ct. at 1175.

Such an exception does not apply, however, in instances where a plaintiff has not pursued a motion for class certification with reasonable diligence.  We recently confirmed this doctrine in 
Arriola
.  In that case, the plaintiff never filed a motion for class certification, and the defendant filed a motion to dismiss more than 14 months after the complaint was filed.  
Arriola
, 323 Ill. App. 3d at 151.  In addition, the trial court granted defendant's motion more than 20 months after the complaint was filed.  
Arriola
, 323 Ill. App. 3d at 151.  We held:

"While 
Hillenbrand
, 
Susman
 and 
Roper
 allow plaintiffs who have refused tenders of full settlement to appeal orders dismissing class action suits to do so, plaintiff must have filed a motion for class certification and pursued it with reasonable diligence.  We hold that plaintiff did not do this.  Therefore, when defendant tendered plaintiff's recoverable monetary damages, plaintiff's right to proceed in this matter as a class action became moot.  
Hillenbrand
, 308 Ill. App. 3d at 391-92.

Consequently, he is no longer a proper class representative.  
Lusardi
, 975    F.2d at 984.  As Arriola has not established the requisite of a case or controversy with Time, he may not seek relief on behalf of any other member of the class.  
Yu
, 314 Ill. App. 3d at 898-99.  As no remaining class member has moved to substitute himself as a named representative, the class action claims are dismissed.  
Wheatley
, 99 Ill. 2d at 486-87."  
Arriola
, 323 Ill. App. 3d at 151.

In the present case, Gelb, like Arriola, never filed a motion for class certification.  However, 
Arriola
 also made clear that our conclusion in that case was primarily grounded in the plaintiff's lack of due diligence.  We stated:

"Our holding in this case is largely based on the failure of the plaintiff to file a motion to certify a class 
and
 the lengthy delay between (1) the day the complaint was filed (August 30, 1993), (2) the day the defendant filed the motion to dismiss (November 4, 1994), (3) the day the trial court granted that motion (May 15, 1995).  Had the defendant tendered payment to the named plaintiff early in the litigation and then sought to dismiss this action, the result could have been very different.  As the Supreme Court held in 
Roper
, one of the interests to be considered by courts when presented with a question concerning justiciability in a class action case is ‛the responsibilities of a district court to protect both the absent class and the integrity of the judicial process by monitoring the actions of the parties before it.'  
Roper
, 445 U.S. at 331, 63 L. Ed. 2d at 435, 100 S. Ct. at 1170.

Under this precept, if a defendant in a class action were to tender the full amount of recovery to the named plaintiff before the court has had a reasonable opportunity to consider and decide a motion for certification, the court would have the authority to deny a motion to dismiss based on the unaccepted tender.  The court could then proceed to determine the issue of class certification at the appropriate time. As the court said in 
Susman
:  ‛If the class action device is to work, the courts must have a reasonable opportunity to consider and decide a motion for certification.'  
Susman
, 587 F.2d at 870. It is implicit in this holding that a plaintiff must have a reasonable opportunity to file a motion for certification." (Emphasis added.)  
Arriola
, 323 Ill. App. 3d at 151-52.

In the present case, defendants filed their motion to dismiss 56 days after plaintiff filed his complaint, and the trial court ruled on that motion 111 days after the complaint.  Consider, also, that a summons is to be served within 30 days of its issuance according to Supreme Court Rule 102(b) (134 Ill. 2d R. 102(b)), and that a defendant has 30 days thereafter to plead and appear under Rule 181(a) (166 Ill. 2d R. 181(a)).  Moreover, Gelb attempted to initiate discovery that related to the class determination which, as discussed, was stayed.  In 
Arriola
, the defendant filed its motion to dismiss more than 14 months after the complaint was filed, and the court ruled on that motion more than 20 months after the complaint.  Obviously, these factual situations are not commensurate in demonstrating a plaintiff's lack of due diligence.  In the case 
sub judice
, Gelb scarcely had enough time in which he could even begin to act diligently in pursuing his claim before a motion to dismiss had been filed.  

While a plaintiff's due diligence must be determined on a case-by-case basis, we feel that the interests of the absent class as well as the integrity of the judicial process, namely, allowing a plaintiff a reasonable opportunity to file a motion for certification, outweigh any concerns of whether plaintiff has been tendered the full amount of his claim or whether he has even filed a motion for certification.  As plaintiff points out, to hold otherwise would be to encourage plaintiffs to file class certification motions with the complaint.  On this topic, the court in 
Asch
 remarked:

"That, in turn would force defendants to brief the motion and the court to rule on it prior to any discovery and prior to any opportunity on the part of the parties to address settlement in any meaningful way.  Defendants, of course, would seek a delay in briefing the class certification motion until they could take discovery, but the district courts *** would be hard pressed to give them that time. *** In view of this court, this will not promote the efficient and fair management of class action cases."  
Asch
, 200 F.R.D. at 400-01.

Accordingly, we reverse the trial court's grant of defendant's motion to dismiss, and remand the cause so that a determination of the issue of class certification may be made in appropriate time.

Reversed and remanded.

QUINN, P.J., and THEIS, J. concur.