908 N.E.2d 163 (2009)
Christopher L. AKINYEMI, Individually and on Behalf of All Others Similarly Situated, Plaintiff-Appellant,
v.
JP MORGAN CHASE BANK, N.A., Defendant-Appellee.
No. 1-08-2850.
Appellate Court of Illinois, First District, Fifth Division.
May 8, 2009.
*166 Norman Rifkind, Amelia S. Newton, Heidi Vonderheide, Lasky & Rifkind, Ltd., Chicago, for Appellant.
Louis D. Bernstein, Melinda J. Morales, Much Shelist Denenberg Ament & Rubenstein, P.C., Chicago, for Appellee.
Presiding Justice FITZGERALD SMITH delivered the opinion of the court:
Plaintiff-appellant Christopher L. Akinyemi, individually and on behalf of all others similarly situated (plaintiff), filed a class action complaint against defendant-appellee JP Morgan Chase Bank, N.A. (defendant), regarding a bonus offer upon the opening of a new account at defendant bank. Defendant filed a motion to dismiss, which the trial court granted. Plaintiff appeals, contending that the trial court erred when it granted defendant's motion because he alleged sufficient facts to sustain his pleadings. He asks that we reverse the court's order and remand the cause for further proceedings. For the following reasons, we affirm.

BACKGROUND
In late 2007, plaintiff received a coupon regarding a bonus offer relating to accounts at defendant bank. On its face, the coupon stated:
"$100 when you open a Chase Free CheckingSM account with Direct Deposit!" The front of the coupon referred the holder to the reverse side "for additional information." The back of the coupon stated, in pertinent part:
"Chase Free Checking requires a $100 minimum opening deposit of new money (money not currently held by Chase or its affiliates) to qualify for the bonus. Chase Free Checking has no monthly service fee when you have a monthly direct deposit. * * * Bonus will be automatically deposited into your account within 10 business days of account opening, but not considered part of the minimum opening deposit. * * *
Customers opening a personal checking account are eligible for this offer, excluding High School CheckingSM, Chase College CheckingSM, Chase Access CheckingSM, New Jersey Consumer Checking Account and Chase Basic Checking SM."[1]
On December 4, 2007, during the term of the coupon's offer, plaintiff opened a personal checking account known as a "Chase Workplace Checking" account (Workplace account) at one of defendant's branches. He presented the coupon and $100 of his own money as his opening deposit.[2] However, plaintiff did not set up direct deposit on this account.
*167 When, by January 18, 2008, plaintiff did not receive the $100 bonus automatically deposited into his Workplace account, he filed a suit against defendant on behalf of all consumers who received a coupon for cash deposit upon the opening of a personal checking account with defendant but did not have the bonus credited to their account. On January 29, 2008, before plaintiff served defendant with the complaint and before plaintiff filed a motion for class certification, defendant credited plaintiff's Workplace account with a $100 bonus deposit. Plaintiff filed a motion for class certification on January 31, 2008.
The class action cause proceeded, as the trial court permitted plaintiff to file an amended complaint in May 2008. Defendant then filed a motion to dismiss pursuant to section 2-619.1 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2006)), stating that plaintiff failed to plead that he performed all his obligations under the contract to receive the $100 bonus, that he failed to plead damages, and that his claim was moot because he actually received the bonus. On September 29, 2008, the trial court issued a written order granting defendant's motion and stating that "the Amended Class Action Complaint is dismissed in its entirety, with prejudice."

ANALYSIS
On appeal, plaintiff contends that the trial court erred in granting defendant's motion because he alleged sufficient facts for a breach of contract action in order to survive dismissal under either section 2-615 or section 2-619 of the Code. 735 ILCS 5/2-615, 2-619 (West 2006); see also 735 ILCS 5/2-619.1 (West 2006) (combining these two sections into one motion to dismiss). We disagree.
A motion to dismiss pursuant to section 2-615 attacks the legal sufficiency of the complaint by alleging defects on its face. See Bunting v. Progressive Corp., 348 Ill.App.3d 575, 580, 284 Ill.Dec. 103, 809 N.E.2d 225 (2004). Upon review of a section 2-615 motion, we examine the allegations of the complaint in the light most favorable to the plaintiff and accept as true all well-pled facts and reasonable inferences therefrom. See Bunting, 348 Ill. App.3d at 580, 284 Ill.Dec. 103, 809 N.E.2d 225. If these are not sufficient to state a cause of action upon which relief may be granted, then dismissal of the cause is appropriate. See Pecoraro v. Balkonis, 383 Ill.App.3d 1028, 1033, 322 Ill.Dec. 469, 891 N.E.2d 484 (2008). A motion to dismiss pursuant to section 2-619, meanwhile, admits the legal sufficiency of the complaint but raises defects or other matters either internal to or external from the complaint that would defeat the cause of action. See Hermitage Corp. v. Contractors Adjustment Co., 166 Ill.2d 72, 85, 209 Ill.Dec. 684, 651 N.E.2d 1132 (1995); Jenkins v. Concorde Acceptance Corp., 345 Ill.App.3d 669, 674, 280 Ill.Dec. 749, 802 N.E.2d 1270 (2003). While a trial court should not grant such a motion unless it is clear that there is no way a plaintiff may recover (see Ostendorf v. International Harvester Co., 89 Ill.2d 273, 280, 60 Ill. Dec. 456, 433 N.E.2d 253 (1982)), dismissing a cause pursuant to section 2-619 efficiently allows for the disposal of issues of law or easily proved facts early in the litigation process. See Coles-Moultrie Electric Cooperative v. City of Sullivan, 304 Ill.App.3d 153, 158, 237 Ill.Dec. 263, 709 N.E.2d 249 (1999).
We review appeals from dismissals pursuant to both sections de novo. See Morris v. Williams, 359 Ill.App.3d 383, *168 386, 296 Ill.Dec. 65, 834 N.E.2d 622 (2005); accord Bunting, 348 Ill.App.3d at 580, 284 Ill.Dec. 103, 809 N.E.2d 225; see also Cohen v. McDonald's Corp., 347 Ill.App.3d 627, 632, 283 Ill.Dec. 451, 808 N.E.2d 1 (2004) (grant of section 2-619.1 combined motion to dismiss is reviewed de novo). We further note that while the trial court did not provide an explanation for its holding here, we, as the reviewing court, may affirm its judgment on any basis appearing in the record. See White v. DaimlerChrysler Corp., 368 Ill.App.3d 278, 282, 305 Ill.Dec. 737, 856 N.E.2d 542 (2006).
Turning first to plaintiff's contentions regarding section 2-615 of the Code, we hold that he failed to sufficiently plead a claim against defendant for breach of contract.
To properly plead a breach of contract claim, plaintiff must allege the existence of a valid contract, his performance under its terms, a breach by defendant, and resulting injury to plaintiff. See, e.g., Van Der Molen v. Washington Mutual Finance, Inc., 359 Ill.App.3d 813, 823, 296 Ill.Dec. 206, 835 N.E.2d 61 (2005). Plaintiff alleged a contract existed on the basis of the coupon he received from defendant. In addition, the facts in the record demonstrate that plaintiff fulfilled the following obligations under that contract: he opened a Workplace checking account at one of defendant's branches (which defendant does not dispute qualified under the coupon) before the coupon's expiration date, he deposited $100 of "new" money to open that account, he did not combine the coupon or account with any other offer, and he kept the account open. However, plaintiff failed to allege in his complaint his compliance with one remaining obligation: to open the account with direct deposit. Indeed, plaintiff admits throughout the record and in his brief on appeal that he did not open the account with direct deposit, nor did he ever change the terms of the account he opened to include direct deposit.
Plaintiff argues that the terms on the reverse side of the coupon do not require direct deposit to receive the $100 bonus as offered. This is wholly incorrect. Examining the language on the front side of the coupon, we find that it unambiguously and clearly states, in large font no less, "$100 when you open a Chase Free CheckingSM account with Direct Deposit!" This language undoubtedly dictates that customers opening a Chase Free Checking account will receive $100 only if and when they open that account with direct deposit. They may very well open an otherwise qualifying personal checking account without direct deposit (for which the record indicates defendant charges a $10 monthly fee), but customers who do so will not be eligible for the $100 bonus. Moreover, nothing on the back of the coupon contradicts this commonsense conclusion. The front of the coupon directs the bearer to the reverse for "additional" information, not terms that replace or preempt those on the front. Further, the only portion of this "additional" information that deals with direct deposit simply describes that there is no monthly service fee on accounts with direct depositan added incentive to follow the coupon's directions. The information does not, in contrast to plaintiff's interpretation, make any statement contradictory to the language on the front that requires direct deposit on a new personal checking account opened to receive the $100 bonus as offered.
As plaintiff readily admits, he did not open his Workplace account with direct deposit. Based on the plain language of the coupon, it is obvious that this was a requirement of the bargained-for offer that plaintiff did not fulfill. To hold otherwise would be to accept plaintiff's argument *169 that the coupon indicated that the bonus was available to those customers who opened accounts without direct deposit. This is simply not what the clear and unambiguous language of the contract offer stated here, and we cannot conclude otherwise. See Gallagher v. Lenart, 226 Ill.2d 208, 232-33, 314 Ill.Dec. 133, 874 N.E.2d 43 (2007) (court is to give contract language its plain and ordinary meaning, and is to construe its provisions as a whole).
In addition to plaintiff's failure to allege that he met all the requirements under the contract, his complaint cannot survive dismissal under section 2-615 for another reason. That is, in his amended complaint, he alleges that defendant breached the contract when it did not provide him with payment of the $100 bonus within 10 days as promised in the coupon. However, when it comes to alleging damages, all plaintiff states is:
"As a direct and proximate result of defendant's failure to provide payment of the Bonus, plaintiff and the Class have suffered damages in an amount to be proven at trial."
Illinois is a fact-pleading jurisdiction, mandating that plaintiffs allege facts sufficient to bring their claims within the scope of the cause of action being asserted. See Anderson v. Vanden Dorpel, 172 Ill.2d 399, 408, 217 Ill.Dec. 720, 667 N.E.2d 1296 (1996). As noted earlier, plaintiff's cause of action required him to allege, in part, injury or damages resulting from defendant's breach. This allegation needed to be specific in order to survive a motion to dismiss; conclusions of law and conclusory allegations unsupported by specific facts are not deemed admitted and, therefore, cannot support a plaintiff's cause of action. See Visvardis v. Eric P. Ferleger, P.C., 375 Ill.App.3d 719, 724, 313 Ill.Dec. 812, 873 N.E.2d 436 (2007). As plaintiff here did not allege damages in any sum certain but merely informed the court he would prove them later at trial, we find that he did not sufficiently set forth a cause of action upon which relief could be granted. See Bianchi v. Savino Del Bene International Freight Forwarders, Inc., 329 Ill. App.3d 908, 918, 264 Ill.Dec. 379, 770 N.E.2d 684 (2002) (finding section 2-615 dismissal proper where the plaintiff did not plead sufficient facts alleging damages; since she did not, her pleadings were legally defective).
Because he failed to allege that he fulfilled all his obligations under the contract and because he failed to specifically allege the damages he incurred, we find that plaintiff did not plead a proper breach of contract claim and, accordingly, dismissal of his amended complaint was appropriate under section 2-615.
Turning next to plaintiff's contentions regarding section 2-619 of the Code, we hold that dismissal under this section was proper as well, since plaintiff's claim is moot.
A cause of action "is moot if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief." Wheatley v. Board of Education of Township High School District 205, 99 Ill.2d 481, 484-85, 77 Ill.Dec. 115, 459 N.E.2d 1364 (1984). The record in the instant cause clearly demonstrates, and plaintiff outrightly admits, that defendant credited plaintiff's Workplace account with a $100 bonus deposit.
Plaintiff argues that this relief does not moot his cause because defendant unfairly attempted to defeat the class action by "paying off" plaintiff as the class representative, because he was diligent in pursuing class certification despite defendant's tender, and because this tender was not in the *170 full amount requested by the amended complaint.
We note that in order for a class action to proceed, the named representative of the putative class who has filed the complainti.e., the plaintiff must possess a valid claim against the defendant. See Wheatley, 99 Ill.2d at 486, 77 Ill.Dec. 115, 459 N.E.2d 1364 (this is a statutory prerequisite before a suit can be sanctioned and maintained as a class action). The defendant is not prohibited from offering a settlement or tender to the named plaintiff or putative class members prior to class certification. See Arriola v. Time Insurance Co., 323 Ill.App.3d 138, 145, 256 Ill.Dec. 168, 751 N.E.2d 221 (2001). In fact, the defendant may do so even if this renders the class action no longer maintainable (see Arriola, 323 Ill. App.3d at 145, 256 Ill.Dec. 168, 751 N.E.2d 221), and regardless of whether the defendant had the intent to prevent class formation with such tender (see Bruemmer v. Compaq Computer Corp., 329 Ill.App.3d 755, 763, 263 Ill.Dec. 516, 768 N.E.2d 276 (2002), citing Arriola, 323 Ill.App.3d at 150, 256 Ill.Dec. 168, 751 N.E.2d 221). The plaintiff, meanwhile, is not allowed to perpetuate controversies by merely refusing the defendant's tender. See Hillenbrand v. Meyer Medical Group, S.C., 308 Ill.App.3d 381, 389, 241 Ill.Dec. 832, 720 N.E.2d 287 (1999); accord Gelb v. Air Con Refrigeration & Heating, Inc., 356 Ill. App.3d 686, 700, 292 Ill.Dec. 250, 826 N.E.2d 391 (2005); Bruemmer, 329 Ill. App.3d at 761, 263 Ill.Dec. 516, 768 N.E.2d 276.
Therefore, the general rule has developed that if the defendant tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending. See Kostecki v. Dominick's Finer Foods, Inc., 361 Ill.App.3d 362, 376-77, 297 Ill.Dec. 106, 836 N.E.2d 837 (2005) (this is the "general rule" regarding class actions and tenders); accord Gelb, 356 Ill. App.3d at 700, 292 Ill.Dec. 250, 826 N.E.2d 391 (proper tender before certification "mandates dismissal"); Bruemmer, 329 Ill. App.3d at 763, 263 Ill.Dec. 516, 768 N.E.2d 276; Arriola, 323 Ill.App.3d at 150, 256 Ill.Dec. 168, 751 N.E.2d 221; Hillenbrand, 308 Ill.App.3d at 391, 241 Ill.Dec. 832, 720 N.E.2d 287; see, e.g., Yu v. International Business Machines Corp., 314 Ill.App.3d 892, 899, 247 Ill.Dec. 841, 732 N.E.2d 1173 (2000) (where the plaintiff was aware of tender after filing complaint but before filing motion for class certification, case must be dismissed). Consequently, should the defendant then file a motion to dismiss the cause, the trial court may rule upon that motion even before it has examined the issue of class certification. See Wheatley, 99 Ill.2d at 486, 77 Ill.Dec. 115, 459 N.E.2d 1364; accord Gelb, 356 Ill.App.3d at 700, 292 Ill.Dec. 250, 826 N.E.2d 391; see also Bruemmer, 329 Ill.App.3d at 764, 263 Ill.Dec. 516, 768 N.E.2d 276 ("[a] motion to dismiss for failure to state a cause of action may be acted upon in a class action before determination of certification issues").
In dealing with plaintiff's allegation here that defendant attempted to unfairly "pick him off" in order to avoid suit, the key is when plaintiff filed his motion for class certification in relation to when defendant made tender. See Gelb v. Air Con Refrigeration & Heating, Inc., 326 Ill.App.3d 809, 814, 260 Ill.Dec. 421, 761 N.E.2d 265 (2001)(Gelb I) ("[u]ltimately, however, a determination of whether defendants' tender has supplied plaintiff with all he requested is not the deciding factor * * *. Rather, we believe the crux of the matter is to be resolved through an examination of when, in the life span of *171 this suit at the trial level, such tender was made"). This is because motions to certify the class are required, by both statute and case law, to be made by the named plaintiff "expeditiously" and "`[a]s soon as practicable,'" particularly in those cases where the named plaintiff's claim may become moot. Arriola, 323 Ill.App.3d at 148-49, 256 Ill.Dec. 168, 751 N.E.2d 221 (quoting 735 ILCS 5/2-802(a) (West 1998), and also quoting Nelson v. Murphy, 44 F.3d 497, 500 (7th Cir.1995) (the requirement is "`imperative not only so that the parties know whose interests are at issue but also so that representative plaintiffs with live claims may be substituted for those whose claims have become moot'")); accord Bruemmer, 329 Ill.App.3d at 764, 263 Ill. Dec. 516, 768 N.E.2d 276; Gelb I, 326 Ill.App.3d at 821, 260 Ill.Dec. 421, 761 N.E.2d 265. Essentially, "a plaintiff must pursue a motion for class certification with reasonable diligence." Bruemmer, 329 Ill. App.3d at 763, 263 Ill.Dec. 516, 768 N.E.2d 276, citing Arriola, 323 Ill.App.3d at 151-52, 256 Ill.Dec. 168, 751 N.E.2d 221, and Gelb I, 326 Ill.App.3d at 821, 260 Ill.Dec. 421, 761 N.E.2d 265.
In the instant case, the record demonstrates that defendant credited plaintiff's Workplace account before it had notice of his class action. That is, plaintiff received the $100 bonus on January 29, 2008. Although he filed his original complaint on January 18, 2008, and although his original complaint mentioned that he was suing on behalf of a class, plaintiff did not move for class certification until January 31, 2008, and did not serve defendant with the complaint or the certification motion until mid-February 2008. Thus, because tender was made before defendant was even aware of a class action suitin fact, before plaintiff even filed his motion for class certificationwe fail to find support for plaintiff's allegation of an unfair pick-off. See, e.g., Yu, 314 Ill.App.3d at 899, 247 Ill.Dec. 841, 732 N.E.2d 1173 (tender made before class certification filed warranted dismissal of action).
Further, regarding plaintiff's allegation of diligence, we note that where, as here, a motion for class certification is filed after the defendant makes tender to the named plaintiff, the question becomes whether, under the circumstances, the plaintiff exercised the required reasonable diligence in pursuing his class action claim. See Bruemmer, 329 Ill.App.3d at 762, 263 Ill.Dec. 516, 768 N.E.2d 276; Arriola, 323 Ill.App.3d at 150-51, 256 Ill.Dec. 168, 751 N.E.2d 221; Gelb I, 326 Ill.App.3d at 821, 260 Ill.Dec. 421, 761 N.E.2d 265; see, e.g., Hillenbrand, 308 Ill.App.3d 381, 241 Ill. Dec. 832, 720 N.E.2d 287. A review of the circumstances may prove that the named plaintiff simply was not diligent in doing so. See Arriola, 323 Ill.App.3d at 151-52, 256 Ill.Dec. 168, 751 N.E.2d 221; accord Bruemmer, 329 Ill.App.3d at 764, 263 Ill. Dec. 516, 768 N.E.2d 276. In these instances, the plaintiff's class action complaint should be dismissed as moot. See, e.g., Bruemmer, 329 Ill.App.3d 755, 263 Ill.Dec. 516, 768 N.E.2d 276; Arriola, 323 Ill.App.3d 138, 256 Ill.Dec. 168, 751 N.E.2d 221. Ultimately, due diligence must be determined on a case-by-case basis. See Bruemmer, 329 Ill.App.3d at 763, 263 Ill. Dec. 516, 768 N.E.2d 276; accord Gelb I, 326 Ill.App.3d at 822, 260 Ill.Dec. 421, 761 N.E.2d 265.
Plaintiff filed his class certification motion in January 2008. However, he waited more than a month to even serve notice of this motion on defendant, and then did nothing else to pursue certification within the next nine months the cause was pending. For example, he did not conduct or serve any discovery to obtain the identities of any putative class members. See Gelb I, 326 Ill.App.3d at 812, *172 260 Ill.Dec. 421, 761 N.E.2d 265. Such a consideration is particularly important in this cause, where plaintiff filed his motion for certification on behalf of all those who opened an account pursuant to the coupon and "where [defendant] failed to credit the offered bonus to [their] account." Notably, plaintiff did not fit into this class when he filed the motion, since he had already received the bonus in his account and since he did not meet all the requirements of the offer because he never set up direct deposit on the account. Thus, at the outset, there was a clear issue regarding the propriety of his class action suitone that may have mooted the suit and could have been discovered (or reconciled) had plaintiff pursued his motion. See Wheatley, 99 Ill.2d at 486, 77 Ill.Dec. 115, 459 N.E.2d 1364; Arriola, 323 Ill.App.3d at 148-49, 256 Ill.Dec. 168, 751 N.E.2d 221 (representative plaintiff must have valid and live claim against the defendant or class action will be moot). Also, it was not as if the trial court, or defendant for that matter, prevented plaintiff from proposing discovery or from proceeding with his class certification motion. See Gelb I, 326 Ill.App.3d at 821, 260 Ill.Dec. 421, 761 N.E.2d 265. Rather, defendant waited until mid-March (a month and a half) to file its initial motion to dismiss plaintiff's original complaint, and then waited more than a month to file its motion to dismiss his amended complaint after that was filed. The trial court, then, did not dismiss the cause until late September 2008. This afforded plaintiff plenty of time to pursue the certification motion and for the court to decide upon it, had he done so any time after he filed it in January 2008. Based on this, we do not find support for plaintiff's claim that his "reasonable diligence" rescues his cause of action from mootness principles. Cf. Arriola, 323 Ill.App.3d at 151, 256 Ill. Dec. 168, 751 N.E.2d 221.
Finally, plaintiff claims that his cause cannot be moot because, while defendant did tender the $100 bonus, he sought more relief than this in his complaint, namely "pre-judgment and post-judgment interest," and defendant's tender did not satisfy his request. The unique facts of this case, however, provide no viable support for this allegation.
Frankly, we are dealing here with a claim of interest on a $100 bonus which plaintiff admits he received. Moreover, as we discussed above, plaintiff received the bonus even though he failed to comply with the all-important direct deposit requirement, which was an undeniable element of the contract offer pursuant to the coupon. It is true that the bonus was paid into plaintiff's account approximately 36 days late. However, as defendant points out, at the time of tender, based on 5% interest,[3] plaintiff would be entitled to 63 cents. This amount is "too trivial to justify an imposition upon the administration of *173 civil justice" and, quite frankly, is a prime example of a plaintiff perpetuating a controversy under class action status by refusing the defendant's tenderwhich our courts strictly prohibit. Hayman v. Autohaus on Edens, Inc., 315 Ill.App.3d 1075, 1078, 248 Ill.Dec. 721, 734 N.E.2d 1012 (2000) (rejecting the plaintiff's claim that the defendant's $299 tender did not make him whole because it did not include interest), citing Hillenbrand, 308 Ill.App.3d at 389, 241 Ill.Dec. 832, 720 N.E.2d 287 (same, where tender did not include costs claimed by the plaintiff).
In addition, the record is clear, and plaintiff acknowledges, that defendant charges a $10 monthly fee on personal checking accounts that do not have direct deposit. This is precisely the type of account plaintiff opened in the instant cause. The record also proves that in the two months from the date he opened the account to the date he initiated suit (December 2007 and January 2008), plaintiff did not pay this fee, nor has he ever done so. Obviously, plaintiff would owe defendant $20, considerably more than the amount he could seek in damages here for a 36-day delay in receiving a $100 bonus to which he was not even entitled under the contract offer. Therefore, we find that defendant's tender properly mooted plaintiff's claim.
Because we find that defendant did not unfairly attempt to "pay off" plaintiff here, that plaintiff was not diligent in pursuing class certification, and that defendant's tender satisfied plaintiff's claim, we hold that dismissal of his amended complaint was appropriate under section 2-619.

CONCLUSION
Accordingly, for all the foregoing reasons, we affirm the judgment of the trial court dismissing plaintiff's claim and the amended class action suit in its entirety with prejudice.
Affirmed.
TULLY and TOOMIN, JJ., concur.
NOTES
[1] The record establishes that when a checking account is opened without direct deposit, defendant charges a $10 monthly service fee.
[2] Plaintiff alleged in his complaint that he actually visited two different branches and was told by their managers that the Workplace account qualified for the $100 bonus pursuant to the coupon. Defendant does not dispute this.
[3] Section 1 of the Illinois Interest Act sets the "rate of interest upon the loan or forbearance of any money" at 5%. 815 ILCS 205/1 (West 2006). Plaintiff states in his brief on appeal that he "does not claim that he is entitled to interest accrued under the terms of his checking account," but that he is entitled to prejudgment and postjudgment interest since he would not have left the $100 bonus in his non-interest-bearing checking account had it been deposited on time by defendant. Again, plaintiff was "delayed" in doing anything with the $100 bonus for merely 36 days and, even were we to entertain his argument, his assertion that he would have perhaps transferred the bonus to an interest-bearing account is simply speculation and conjecture which we cannot accept here. See Visvardis, 375 Ill.App.3d at 724, 313 Ill.Dec. 812, 873 N.E.2d 436 (conclusory allegations unsupported by specific facts cannot support cause of action); Bianchi, 329 Ill.App.3d at 922, 264 Ill.Dec. 379, 770 N.E.2d 684 (dismissal proper where sufficient and specific facts alleging damages were not pled).