PRIOR PLUMBING AND HEATING COMPANY, Plaintiff and Counterde-fendant, v. TONI HAGINS *et al.*, Defendants (Kafka and Sons, Inc., Cross-Plaintiff and Counterplaintiff; Toni Hagins *et al.*, Cross-Defendants; Peter Rascia, Counterdefendant; Antoinette Hagins *et al.*, Counterplaintiffs and Cross-Plaintiffs and Appellees; Remodeling by Kafka, Inc., a/k/a Kafka and Sons, Inc., *et al.*, Cross-Defendants and Appellants).

First District (1st Division)    No. 1—92—1241

Opinion filed February 28, 1994.

David A. Novoselsky, of Chicago, for appellant Ronald Kafka.

Schuyler, Roche & Zwirner, P.C., of Chicago (Jeffrey E. Schiller and Michael F. Braun, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant and cross-plaintiff Ronald W. Kafka (Kafka) appeals an order of the circuit court of Cook County awarding attorney fees to defendants and counterplaintiffs Michael and Antoinette Hagins (collectively the Hagins or Hagins) pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1985, ch. 121$^1$/$_2$ et seq. (now 815 ILCS 505/1 et seq. (West 1992))). For the following reasons, we affirm in part, reverse in part, and remand this cause to the trial court for entry of judgment consistent with this opinion.

The record sets forth the following relevant facts. On January 10, 1984, the Hagins contracted with Kafka & Sons, Inc. (Kafka & Sons), a construction contractor, for remodeling projects in their home. On January 25, 1985, Prior Plumbing & Heating Company (Prior Plumbing), a subcontractor hired by Kafka, filed a complaint to foreclose a mechanics lien naming Hagins, Kafka & Sons and Kafka as defendants. On November 6, 1985, the Hagins filed an amended cross-claim and second amended cross-claim against Kafka and Kafka & Sons, a/k/a Remodeling by Kafka, Inc. (Remodeling), alleging breach of contract, violation of the Consumer Fraud Act, and intentional infliction of emotional distress. Among the acts identified in the Hagins' second amended cross-claim as a basis for liability were: Kafka & Sons' stopping work after gutting the interior of the Hagins' home; untimely completion of work; work not in compliance with applicable housing code requirements; and work that was either not performed or was performed in a defective manner.

Kafka also filed cross-claims and countercomplaints on behalf of himself and Kafka & Sons, a/k/a Remodeling, alleging that Prior Plumbing damaged the bathroom wall in the Hagins' home, and that the Hagins refused to allow Kafka & Sons to complete performance of their construction contract.

On March 21, 1986, the trial court granted Hagins' motion to transfer the case to the law division and to file a jury demand. Hagins' subsequent discovery efforts were unsuccessful.

On October 11, 1990, an agreed order was entered imposing liability against Remodeling for its failure to comply with discovery. Repeated court orders were also entered compelling responses to discovery and Kafka's appearance for his deposition.

On November 1, 1990, Hagins moved for entry of judgment and

for other sanctions against Kafka. Hagins' motion detailed Kafka's refusal to comply with the court's discovery orders. The court ordered Kafka to appear for his deposition and awarded Hagins attorney fee and costs, with the amount to be supported by a fee petition. On November 2, 1990, Kafka was ordered to appear for his deposition at a later date. When Kafka failed to appear, the court entered judgment against him individually, for failure to comply with discovery, and barred Remodeling from participating at the hearing on damages.

On November 9, 1990, Kafka moved to vacate the default. The court set yet another date for Kafka to appear for his deposition. On November 14, 1990, the court entered an order finding that Kafka's answers at his November 12 deposition were unresponsive, and ordered completion of his deposition by November 28. Kafka failed to appear.

On January 11, 1991, the court denied Kafka's motion for reconsideration of the judgment entered against him and set the matter for a hearing on the Hagins' damages. On that same day, the Hagins filed an affidavit and petition for attorney fees.

On February 1, 1991, Kafka filed a motion to stay proceedings on the Hagins' petition for attorney fees. On February 11, Kafka moved to vacate the orders entered against him on the grounds that he "suffers from a multitude of physical, medical, and psychological disorders, which account for the conduct that the Court has sanctioned."

Kafka's motion to vacate on the grounds of incompetency resulted in additional discovery, which in turn led to Kafka's failure to comply with new discovery obligations. On June 28, 1991, the trial court struck Kafka's motion to vacate on the grounds of incompetency. On August 7, 1991, the court ordered Kafka to pay the Hagins' attorney fees in the amount of $13,474.25 on or before August 14, 1991, in connection with the Hagins' petition for sanctions and attorney fees. The court further granted the Hagins' motion to withdraw their jury demand.

On August 9, 1991, the trial court denied Kafka's motion for a jury trial. Thereafter, the Hagins filed a second petition for sanctions and for attorney fees incurred in connection with Kafka's "incompetency" motion. Following a hearing on the Hagins' second petition, the trial court entered an order on October 18, 1991, awarding attorney fees and costs in the amount of $17,401.15. On September 20, 1991, and November 5, 1991, Kafka posted two appeal bonds to stay execution of the court's two awards pending appeal. Kafka

promised to pay the Hagins if an appeal was not prosecuted from the sanctions orders. [1]

On October 24, 1991, an agreed order was entered resolving the Hagins' damage claim. The order provided that: Kafka would pay the Hagins $38,000; findings of liability entered against Kafka would be vacated; and for purposes of determining attorney fees under the Consumer Fraud Act, the Hagins were acknowledged to be "prevailing parties" in the litigation. In connection with this acknowledgment of prevailing party status, the agreed order provided that "said 'prevailing party' status shall not be challenged in this Court or on appeal." Thus, Kafka expressly waived his right to appeal the Hagins' prevailing party status.

On November 18, 1991, the Hagins filed a petition for attorney fees pursuant to the Consumer Fraud Act, attaching attorneys' affidavits and time schedules. In opposition, Kafka submitted his own affidavit, along with the affidavits of the secretary of Remodeling; his son, Michael J. Kafka, the foreman/job superintendent of Remodeling; and the bookkeeper of Remodeling. The affidavits were identical and stated that, to the affiant's knowledge, "it is extremely unlikely" that Kafka had any job responsibilities in connection with the Hagins' remodeling project.

Following a hearing on the fee petition, on April 1, 1992, the trial court entered a detailed written order awarding the Hagins' attorneys: (a) $69,720 in attorney fees for 545.2 hours of work, and disallowing fees for an additional 66.5 hours requested by the Hagins' attorneys; (b) $7,661 in costs; and (c) $4,210.46 in adjustment to the fees awarded to reflect the "time value of money." The award totalled $81,591.46. The trial court specified that the two previous awards of attorney fees, $13,474.25, entered on August 7, 1991, and $17,401.15, entered on October 18, 1991, were included in the total sum award of $81,591.46, and that Kafka would not be obligated to pay these amounts twice.

---

[1]Kafka's notice of appeal indicates that the appeal before this court is from the trial court's order of April 1, 1992, "including the interlocutory orders of August 7, 1991 and October 18, 1991." However, in his brief, Kafka clearly states that he "appeals from the April 1, 1992 award of attorneys fees," and addresses issues only in connection with that award.

On February 16, 1993, the Hagins filed a motion with this court for a partial remand to the trial court to enter appropriate orders concerning immediate payment on the two appeal bonds posted by Kafka. Kafka filed a response, and on April 6, 1993, this court granted the Hagins' motion.

Kafka's timely appeal of the trial court's April 1, 1992, order followed.

■ Initially, Kafka contends that the trial court erred in denying his motion for a jury trial. Kafka argues that his right to a jury trial is fundamental and that nothing in the Consumer Fraud Act precludes the right to a trial by jury.

Section 10a of the Consumer Fraud Act provides in pertinent part:

"Any person who suffers damage as a result of a violation *** of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual damages or any other relief which the court deems proper." (Ill. Rev. Stat. 1985, ch. 121½, par. 270a.)

In construing section 10a, this court has repeatedly held that no right to a jury trial exists under the Consumer Fraud Act. (*Rubin v. Marshall Field & Co.* (1992), 232 Ill. App. 3d 522, 597 N.E.2d 688; *Martin v. Heinhold Commodities, Inc.* (1992), 240 Ill. App. 3d 536, 608 N.E.2d 449; *Richard/Allen/Winter, Ltd. v. Waldorf* (1987), 156 Ill. App. 3d 717, 509 N.E.2d 1078; *Wheeler v. Sunbelt Tool Co.* (1989), 181 Ill. App. 3d 1088, 537 N.E.2d 1332.) We therefore hold that the trial court did not err when it denied Kafka's demand for a jury trial.

■ Next, Kafka contends that the trial court abused its discretion in awarding attorney fees to the Hagins. Kafka first contends that the trial court abused its discretion in awarding attorney fees where "his own affidavit and the affidavits of three corroborating witnesses *** confirmed his innocence."

The determination of attorney fees is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. (*In re Marriage of Olbrecht* (1992), 232 Ill. App. 3d 358, 597 N.E.2d 635.) The record in the present case indicates that the trial court considered and rejected Kafka's affidavits in determining the award of attorney fees.

The cases on which Kafka relies do not support his contention that the trial court erred in rejecting Kafka's affidavits. *Grimes v. Adlesperger* (1978), 67 Ill. App. 3d 582, 384 N.E.2d 537, and *Tague v. Molitor Motor Co.* (1985), 139 Ill. App. 3d 313, 487 N.E.2d 436, both uphold the trial court's exercise of discretion regarding the award of attorney fees.

■ Second, Kafka contends that the trial court improperly awarded prejudgment interest on the attorney fees. The trial court awarded the Hagins' attorneys $4,210.46 "to reflect the time value of money." Kafka argues that trial court failed to cite any precedent in support of this award. Citing *E.M. Melahn Construction Co. v. Village*

*of Carpentersville* (1981), 100 Ill. App. 3d 544, 427 N.E.2d 181, Kafka argues that the usual rule in Illinois is that unliquidated claims, not subject to exact computation, do not bear prejudgment interest.

The Hagins rely on two Federal cases in support of the prejudgment interest award, *Lippo v. Mobil Oil Corp.* (N.D. Ill. 1988), 692 F. Supp. 826, 839, and *Fleming v. County of Kane* (7th Cir. 1990), 898 F.2d 553. In both cases, the Federal courts found proper awards of attorney fees over and above historical hourly rates to compensate for the delays in collecting fees and for inflation.

However, *Lippo* and *Fleming* do not control our decision in the present case. Because Federal district courts do not exercise appellate jurisdiction over State courts, the Appellate Court, First District, is not bound to follow decisions by Federal courts other than the United States Supreme Court. (*People v. Loferski* (1992), 235 Ill. App. 3d 675, 689, 601 N.E.2d 1135; *Skipper Marine Electronics, Inc. v. United Parcel Service, Inc.* (1992), 210 Ill. App. 3d 231, 239, 569 N.E.2d 55.) Thus, while we do not reject outright the principle of prejudgment interest awards in certain situations where appropriate (see *Kerasotes v. Estate of Kerasotes* (1992), 238 Ill. App. 3d 1020, 605 N.E.2d 643 (sufficient equitable considerations warrant an award of prejudgment interest in an action against former partners of a dissolved partnership for an equitable accounting, where the litigation continued for several years and deprived the parties of the opportunity to earn interest on money to which they were entitled)), we find that the Hagins have failed to cite sufficient authority to persuade this court to support an award of prejudgment interest on attorney fees in the present case.

■ Finally, Kafka contends that the trial court erred in failing to discount time in calculating the fee award, where multiple tasks were performed on the same date, but where the time for each task was not itemized properly. The record shows that Kafka raised this argument in the trial court on two occasions, in connection with his objections to both of the Hagins' sanction fee petitions, and that each time his argument was rejected by the trial court.

It is well established that a party seeking to recover attorney fees from another party bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness. (*Harris Trust & Savings Bank v. American National Bank & Trust Co.* (1992), 230 Ill. App. 3d 591, 595, 594 N.E.2d 1308.) A petition for fees must present the court with detailed records containing facts and computations upon which the charges are predicated specifying the services performed, by whom they were performed, the time expended and the hourly rate charged. Once pre-

sented with this information, the trial court should consider a variety of other factors, including the skill and standing of the attorneys employed, the nature of the case, the novelty and difficulty of the issues involved, the degree of responsibility required, the usual and customary charge for the same or similar services in the community, and whether there is a reasonable connection between the fees charged and the litigation. Once the trial court makes a determination as to the reasonableness of attorney fees and related costs, that determination will not be disturbed absent an abuse of discretion. *Harris Trust*, 230 Ill. App. 3d at 595-96.

The record shows that the Hagins' fee petition complied with all the requirements set forth in *Harris Trust* and was based on contemporaneous time records. The record further indicates that the trial court found the petition sufficient to award fees based on the documents produced.

Kafka cites *Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424, for the proposition that the petitioning party has the burden to demonstrate how much time was spent for each separate activity within a single day. However, *Kaiser* merely requires that detailed time records be maintained containing facts and computations upon which charges are predicated, and that such information be contained in the petition for fees. The court in *Kaiser* declined to award some attorney fees because they were excessive, unnecessary or unwarranted, not because time was aggregated on a daily basis.

For the reasons stated above, we therefore affirm the judgment of the trial court awarding attorney fees in the amount of $69,720 and costs in the amount of $7,661; reverse the trial court's award of $4,210.46 in prejudgment interest; and remand this matter to the trial court for entry of an order consistent with this opinion.

Affirmed in part; reversed in part and remanded.

BUCKLEY and MANNING, JJ., concur.