THIRD DIVISION

August 09, 2000

No. 1-99-3539

BRUCE HAYMAN, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

) 98 CH 18118

)

AUTOHAUS ON EDENS, INC., d/b/a )

NORTHBROOK TOYOTA, AND TOYOTA )

MOTOR CREDIT CORPORATION, a )

California corporation qualified )

to do business in Illinois, )

) Honorable

) Lester D. Foreman,

Defendants-Appellees. ) Judge Presiding.

JUSTICE WOLFSON delivered the opinion of the court:

Plaintiff Bruce Hayman (Hayman) rented a car.  When the lease ended, he bought the car.  Then he filed a class action suit for fraudulent misrepresentation, statutory consumer fraud, and conversion against Autohaus on Edens (Autohaus) and Toyota Motor Credit Corporation (TMCC).  The trial judge dismissed Hayman's complaint.  Hayman appeals.  We affirm.

Facts

On November 22, 1995, Hayman entered into a written agreement with Autohaus to lease a motor vehicle -- a 1996 Toyota Camry -- for a period of 36 months.  The lease agreement stated in paragraph 10:

"
Estimated Residual Value:
  The estimated value of the Vehicle at the scheduled end of the Lease Term. ***[W]e will use this amount in calculating the Purchase Option Price in the event you exercise your option to purchase (Paragraph 16) ***."

The amount listed as the estimated value was $17,314.24.

On November 21, 1998, Hayman's lease term expired and he exercised his option to purchase the vehicle.  However, the "cash price of the vehicle" listed on the purchase agreement was $17,613.24, or $299 more than stated in the leasing agreement.

Without having the benefit of the leasing papers at the time he closed on the purchase, Hayman paid the $17,613.24 amount.  Later, however, Hayman reviewed his lease agreement and noted the discrepancy.  He then telephoned Autohaus for an explanation.

In a telephone conversation with an Autohaus finance agent on November 23, 1999, this $299 amount was represented to be a "service fee."  Hayman balked at the hidden inclusion of such a fee and demanded the return of the $299.  His request was not well-received.  He was told, essentially, he could take the car with the service fee or bring the car back for a full refund.  Incensed, Hayman called his attorney, who immediately made preparations to file suit against Autohaus.

In the meantime, Autohaus must have had second thoughts about its treatment of its customer.  On November 25, 1998, just 2 days later, it sent Hayman a check for $299, refunding the full amount of the disputed service fee it had included in the purchase price of the car.

Hayman received the check on November 28, 1998, but refused to accept it.  Instead, on December 30, 1998, he filed a four-

count class action complaint against Autohaus and TMCC, alleging fraudulent misrepresentation and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et
 
seq.
 (West 1996)).  In his complaint, Hayman sought to proceed as the representative of a class of persons similarly situated.

Defendants moved for dismissal and Hayman amended his complaint, adding a fifth count against both defendants, alleging conversion.

After a hearing on September 8, 1999, the trial court dismissed Hayman's Second Amended Complaint as to both defendants.  The court found Hayman was unable to state any cause of action because Autohaus had tendered a check for $299 to Hayman before litigation began.  Hayman appeals dismissal of the common law fraud and conversion counts, not the statutory consumer fraud counts.  We review the section 2-619 (735 ILCS 5/2-619 (West 1998)) dismissals 
de
 
novo
.  
Kozak v. Moiduddin
, 294 Ill. App. 3d 365, 367, 689 N.E.2d 217 (1997).

Decision

Hayman contends his complaint contained valid claims for fraudulent misrepresentation and conversion and met all the statutory prerequisites for a class action suit.  Though he acknowledges Autohaus' tender of a check for $299, he claims this unilateral action by Autohaus cannot defeat his claim.  He alleges the $299 did not "grant [him] all the recovery to which he is entitled," namely, attorney fees, interest, and punitive damages which he could have recovered if the class action had proceeded.

This case is close to 
Hillenbrand v. Meyer Medical Group, S.C.
, 308 Ill. App. 3d 381, 720 N.E.2d 287 (1999).  In 
Hillenbrand
, after litigation had begun, but before class certification was determined, Meyer Medical sent plaintiffs' counsel a letter offering to "resolve the case as to the existing plaintiffs" by making full payment of the amount being sought.  No response was made to the settlement offer.  The 
court found the payment tendered by Meyer mooted the plaintiffs' claim, even though they refused to accept it.  The court said, "The plaintiffs cannot perpetuate the controversy by merely refusing Meyer's tender."  
Hillenbrand
, 308 Ill. App. 3d at 389.

In 
Hillenbrand
, the court rejected the claim made by Hayman in this case -- that the tender didn't make him whole because it didn't include attorney fees or other costs.  Citing 
Kerns v. Engelke
, 76 Ill. 2d 154, 166, 390 N.E.2d 859 (1979), the court noted a successful litigant is not entitled to an award for attorney fees "absent a statutory provision or contractual agreement to the contrary."  There, as here, no statutory provision or contractual agreement existed.  See 
Hess v. I.R.E. Real Estate Income Fund, LTD
, 255 Ill. App. 3d 790, 800, 629 N.E.2d 520 (1993).  

Plaintiff's exceptional haste in making contact with his lawyer is not enough to create a right to recover compensatory damages in this case.  Even if we were to seriously consider the plaintiff's claim that he was entitled to interest for the three days Autohaus held his $299, the amount would be too trivial to justify an imposition upon the administration of civil justice.  See 
Pacini v. Regopoulos
, 281 Ill. App. 3d 274, 280-81, 665 N.E.2d 493 (1996).

The question of whether Autohaus' inclusion of the $299 amount as part of the "cash price of vehicle" was improper and constituted fraudulent misrepresentation or conversion was rendered moot by the tender of the check for $299.  This was an event which made it impossible for the court to grant effectual relief and eliminated any actual controversy.  See 
Wheatley v. Board of Education of Township High School District 205
, 99 Ill. 2d 481, 484-85, 459 N.E.2d 1364 (1984); 
Green v. Board of Municipal Employees', Officers' and Officials' Annuity and Benefit Fund of Chicago
, 309 Ill. App. 3d 757, 763, 723 N.E.2d 294 (1999).

The $299 check from Autohaus to Hayman was not a settlement or a compromise of an ongoing dispute.  It was a total refund of the amount demanded.  No suit had been filed.  Obviously, no motion for class certification had been made.  Hayman's lawyer had made no contact with the defendants.  Once the payment was tendered, there was no controversy.  These facts are far different from those of 
Miner v. Gillette Co.
, 87 Ill. 2d 7, 428 N.E.2d 478 (1981), relied on by the plaintiff.

In 
Miner
, the plaintiff demanded Gillete keep its promise to send him a free Accent table lighter.  Instead, Gillette sent him a free "cricket" lighter.  This, said the court, was an attempt to compromise the dispute, and "Any question of compromise is one of fact which must await trial for determination."  
Gillette
, 87 Ill. 2d at 19.

Because full payment, not a compromise, was offered to Hayman, thus mooting the controversy, the plaintiff had no right to recover compensatory damages in the trial court.  He suffered no damage.  Punitive damages "are in addition to compensatory damages and cannot be allowed unless actual damage is shown."  
In re Application of Busse
, 124 Ill. App. 3d 433, 438, 464 N.E.2d 651 (1984); 
Florsheim v. Travelers Indemnity Co. of Illinois
, 75 Ill. App. 3d 298, 310, 393 N.E.2d 1223 (1979)("***the plaintiff can only be awarded punitive damages where actual damage is shown.")  In addition, the facts of this case do not reflect the kind of "aggravated circumstances" that would warrant an award of punitive damages.  
PCx Corp. v. Ross
, 209 Ill. App. 3d 530, 540, 568 N.E.2d 311 (1991).

Hayman was the only named member of the putative class when the lawsuit was dismissed.  No class was certified at the time of dismissal.  In fact, no motion for class certification had been made.  At that point, he could not be a member of the class he described.  His interests would no longer be consistent with the interests of the remaining putative class members.  The trial judge correctly dismissed the entire class action.  
Wheatley
, 99 Ill. 2d at 487; 
Green
, 309 Ill. App. 3d at 765-66.

We affirm the dismissal of the plaintiff's second amended complaint as to both Autohaus and TMCC.

Affirmed.

CAHILL, P.J., and CERDA, J., concur.