ANGEL JONES *et al.*, Plaintiffs-Appellants, v. WILLIAM BUICK, INC., Defendant-Appellee.

First District (1st Division)    No. 1—01—1568

Opinion filed February 3, 2003.

Krohn & Moss, Ltd., of Chicago (Larry Smith, of counsel), for appellants.

Byrne, Nadborne & Associates, of Chicago (Lawrence W. Byrne, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

The Illinois Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/2C (West 1996)) mandates that a prospective merchandise purchaser seeking credit approval from the seller must receive a complete refund of any down payment made if her credit application is rejected. The Act, however, does not dictate a period within which this refund must occur.

In the instant appeal, the parties dispute whether an automobile dealer's delay of approximately three weeks in issuing a refund raises a sufficient inference of improper conduct under the Act and under common law fraud principles to require submission of the matter to

the trier of fact. We believe that the record before us presents issues deserving of a fact finder's resolution, and accordingly, we reverse the trial court's grant of summary judgment in favor of the automobile dealer.

In late 1998, plaintiffs Angel and Daniel Jones agreed to purchase an automobile from defendant William Buick, Inc., in an arrangement contingent on William's ability to find a lender willing to finance the transaction for the couple. The parties' agreement required Angel to leave a down payment of $500 and allowed her to take possession of the vehicle immediately. Shortly thereafter, Mrs. Jones lost her job, and the lender previously secured by William withdrew its commitment. William informed Mrs. Jones of this fact on December 21, 1998, and told her that she would be required to return the car. On December 29, William confirmed to Mrs. Jones that the transaction would not be consummated and suggested that she return the car on Monday, January 4, 1999.

Mr. and Mrs. Jones returned the vehicle on Saturday, January 2, and were told that no one was available to sign their refund check. The check was not made available on Monday, January 4, and on Tuesday, January 5, an attorney representing Mr. and Mrs. Jones phoned William to request a copy of the contract between the couple and the dealership. Several additional requests by Mrs. Jones did not produce the refund, and on January 14, attorneys for the Joneses sent a letter to William alleging fraud and demanding $50,000 to settle the matter. Mrs. Jones retrieved a $500 refund check from William on January 22.

Plaintiffs then filed the underlying action in the circuit court of Cook County, alleging that William's practice in such transactions was to refuse to return down payments or traded vehicles to prospective buyers after their credit applications were rejected. Plaintiffs' complaint offered several examples of pretexts allegedly used by the dealer to justify refusal of a refund: that the buyer caused excessive depreciation; the buyer committed fraud on the credit application; or the buyer would be able to get financing from another lender or for a different car.

The Joneses' complaint cited two other instances of purchasers whose down payments had not been refunded following rejection of their credit applications. It also attached William's retail installment contract rider, which purported to reserve to the dealer the right to withhold from any refund an assessment for damage to the vehicle while in the possession of the would-be buyer.

The complaint alleged that William's intentional refusal to issue refunds to rejected applicants violated the Act and that its intentional

misrepresentations about its refund obligations constituted common law fraud. The plaintiffs sought recovery of the retainer paid to their attorneys and of expenses incurred in arranging alternate transportation while the refund was improperly withheld.

In granting William's motion for summary judgment, the trial court reviewed the pretexts allegedly offered by the dealer in refusing refunds and found no evidence that any such tactic had been used in the Jones transaction. The trial court expressed doubt regarding the existence of a cause of action for recovery of attorney fees resulting from the plaintiffs' retention of counsel and found that any reasonable business person would have had cause to delay issuing the plaintiffs' refund check because of the demand made by their attorneys.

In defense of the trial court's order, William, citing *Hayman v. Autohaus on Edens, Inc.*, 315 Ill. App. 3d 1075 (2000), contends that because it ultimately refunded the full amount of the down payment to the Joneses, they suffered no damage and thus lack any basis for a claim of compensation. We believe that the instant case arises from sufficiently different factual and procedural circumstances to require a different result from that reached by the *Hayman* court.

In *Hayman*, the plaintiff, objecting to a previously undisclosed $299 "service fee" imposed at the termination of his automobile lease, filed a class action complaint against the lessee dealer alleging conversion, common law fraud and violation of the Act, despite the fact that the dealer had returned the fee three days after the plaintiff's request. The plaintiff's complaint was dismissed by the trial court for failure to state a cause of action. He appealed the dismissal of the conversion and common law fraud claims, but did not appeal the dismissal of the count claiming relief under the Act.

This court found the plaintiff's claim for interest for the three-day delay in refunding the fee to be "too trivial to justify an imposition upon the administration of civil justice." 315 Ill. App. 3d at 1077-78. The plaintiff's remaining compensatory damage claim was for attorney fees incurred, but this court, finding no applicable statutory or contractual provision creating entitlement to such fees under the common law claims advanced by the plaintiff, held that there was no right to any recovery and affirmed the dismissal of the complaint. 315 Ill. App. 3d at 1077.

Several factors differentiate the case at bar. Initially, we are not prepared to equate the *Hayman* defendant's three-day payment delay with the three-week period at issue here, and we cannot consider the interest that would accrue on the sum due to the Joneses to be below the level that justifies the attention of our civil justice system.

The Joneses seek recovery of the expenses they incurred for

alternate transportation for the period following the return of the car but before refund of the down payment. Reasonable expenses incurred in mitigation of a loss are properly included in an assessment of damages. *Illinois Structural Steel Corp. v. Pathman Construction Co.*, 23 Ill. App. 3d 1, 6 (1974). In our view, the potential for recovery of this damage element further distinguishes the Joneses' claim from that held in *Hayman* to present no true controversy.

■ Finally, unlike the *Hayman* plaintiff, the Joneses have not abandoned their claim under the Act in favor of continued pursuit of their common law fraud claim. A prevailing party in a proceeding under the Act may recover attorney fees. 815 ILCS 505/10a(c) (West 1996); *Prior Plumbing & Heating Co. v. Hagins*, 258 Ill. App. 3d 683, 687 (1994). The Joneses thus possess the statutory basis for attorney fee recovery found lacking in *Hayman*.

■ We therefore do not find *Hayman* to be dispositive of the issues presented by the instant case and do not share the trial court's doubt regarding the existence of a cause of action for the losses claimed by the Joneses. We do find cause for doubt, however, in reviewing the inferences drawn by the trial court from the undisputed facts. An issue should be decided by the trier of fact and summary judgment denied where reasonable persons could draw divergent inferences from the undisputed facts. *Pyne v. Witmer*, 129 Ill. 2d 351, 358-59 (1989). In the instant case, the trial court's ruling was based upon two factual inferences which, in our view, could have been drawn in favor of the Joneses rather than William.

Because the Joneses were not presented with any of the pretexts alleged by their complaint to be tactics used by William in refusing down payment refunds, and because no one from the dealership ever told them that their refund would be withheld, the trial court concluded that there was no evidence of the misrepresentation required as a basis for claims under the Act and under common law fraud principles. We disagree with this conclusion.

■ Under Illinois common law, an omission of a material fact may constitute fraud, and a fraud claim may be maintained even in the absence of an affirmative misleading statement. *Washington Courte Condominium Ass'n-Four v. Washington-Golf Corp.*, 267 Ill. App. 3d 790, 815 (1994). This principle applies with equal force to claims brought under the Act. *Krautsack v. Anderson*, 329 Ill. App. 3d 666, 675 (2002). Upon finding that the trier of fact could consider an omission to be deceptive, this court will reverse a grant of summary judgment in favor of a defendant in a proceeding under the Act. *Sullivan's Wholesale Drug Co. v. Faryl's Pharmacy, Inc.*, 214 Ill. App. 3d 1073, 1083-84 (1991). We believe that, if William indeed had a practice of at-

tempting to withhold the down payments of its rejected credit applicants, a fact finder could consider the failure to reveal that practice to be deceptive.

■ We also find support in the record for a conclusion contrary to the other factual determination made by the trial court: that William's delay in issuing the refund to the Joneses was a reasonable response to the settlement demand made by the couple's attorney. As the Joneses note, they had requested the refund for more than 10 days, without success, before the demand was made upon William, which calls into question the validity of the demand as the motivation for the delay. The question of William's motive, however, like questions of motive, intent or subjective feeling generally, is particularly inappropriate for resolution by summary judgment motion. *Quality Lighting, Inc. v. Benjamin*, 227 Ill. App. 3d 880, 884 (1992).

We conclude that the record before us presents facts from which reasonable persons may draw different inferences. This conclusion finds additional support in materials presented for our attention by each of the parties: the record of the arbitration hearing that preceded this action's disposition in the trial court. Following that hearing, the panel of three arbitrators, by vote of 2-1, entered an award in favor of the plaintiffs. We can imagine no more clear demonstration of the potential for divergent inferences presented by the facts at issue here.

Since summary judgment is clearly disfavored under such circumstances, and since we do not believe that the plaintiffs have failed to claim a basis for recovery as a matter of Illinois law, we reverse the judgment of the circuit court of Cook County and remand the cause to that court for further proceedings.

Reversed and remanded.

O'MALLEY and SMITH, JJ., concur.