FRED HUSS, Plaintiff-Appellant, v. SESSLER FORD, INC., Defendant-Appellee (Ford Motor Credit Company, Defendant).

First District (2nd Division)   No. 1—02—3401

Opinion filed September 30, 2003.

Krohn & Moss, Ltd., of Chicago (A. Carl Boecherer IV, of counsel), for appellant.

Hardt & Stern, P.C., of Chicago (Gary E. Wilcox, of counsel), for appellee.

JUSTICE BURKE delivered the opinion of the court:

Plaintiff Fred Huss appeals from an order of the circuit court

dismissing his claim against defendant Sessler Ford, Inc., for violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/2 (West 2000)) set forth in count I of his complaint pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 2000)). On appeal, plaintiff contends that the trial court erred in granting defendant's motion because defendant's presuit offer to plaintiff did not render plaintiff's claim moot since the offer did not make plaintiff whole. For the reasons set forth below, we affirm.

## STATEMENT OF FACTS

On September 21, 2001, plaintiff purchased a Windstar van from defendant. Prior to the purchase, plaintiff advised defendant's employee that he needed a van that could be converted to a mobile office through a third party, Eclipse Conversions. According to plaintiff, defendant's employee told plaintiff that the Windstar could be so converted, that Eclipse could do it, and that the conversion would take four to six weeks. Plaintiff purchased the Windstar and the cost of the conversion was included in the amount plaintiff financed through Ford Motor Credit Company (Ford).[1]

As of February 2002, plaintiff had not received the converted van and, on April 1, he filed a four-count complaint against defendant and Ford, alleging that defendant made numerous misrepresentations to him or omitted material facts at the time of the purchase. In count I, plaintiff alleged a claim against defendant for violation of the Consumer Fraud Act, seeking actual and punitive damages, rescission of the transaction, and attorney fees and costs. In count II, plaintiff alleged a claim against defendant for common law fraud and, in count III, plaintiff alleged a claim against defendant for common law conversion. In count IV, plaintiff alleged a claim against Ford for violation of section 433.2 of the Code of Federal Regulations (16 C.F.R. § 433.2 (2003)), a Federal Trade Commission rule subjecting a lender (Ford) to the same claims and defenses as are available against a seller (defendant).

Prior to the filing of plaintiff's complaint, letters were exchanged between the parties. On February 4, 2002, defendant wrote to plaintiff's wife, apparently in response to a letter she had written, stating that the van had been sent to Eclipse on September 27, 2001. On February 18, plaintiff's attorney wrote to defendant, advising defendant that it had violated the Consumer Fraud Act and noting that car dealership cases often involved awards of punitive damages.

---

[1]Ford is not a party to this appeal.

At this time, plaintiff made a demand upon defendant for $60,000, inclusive of attorney fees and punitive damages. Plaintiff also sought repayment of all funds he had paid toward the vehicle, cancellation of the contract, and compensation for damages. On March 6, defendant's attorney wrote to plaintiff's attorney and offered two alternatives to plaintiff: (1) to go forward with the conversion and contract or (2) defendant would buy the van back, arrange for cancellation of the installment agreement, refund all payments plaintiff had made on the van, and pay any and all reasonable and documented attorney fees.

On March 18, plaintiff's counsel responded. At this time, plaintiff demanded $6,911.53, which included plaintiff's $200 down payment, payments on the van of $1,711.53, and $5,000 for aggravation, inconvenience, and attorney fees. Plaintiff also sought repurchase of the vehicle by defendant. On March 19, defendant's attorney wrote to plaintiff's attorney, stating that defendant would only pay demonstrable out-of-pocket costs and expenses along with reasonable attorney fees. According to defendant, its offer did not contemplate paying plaintiff for aggravation, inconvenience, and unspecified attorney fees. Defendant requested that plaintiff provide it with a detailed statement of all losses, costs, and expenses plaintiff had incurred, as well as a detailed statement of attorney fees incurred. Defendant stated that upon receipt of same, it would arrange for cancellation of the contract and would reimburse plaintiff.

On March 27, plaintiff wrote to defendant, stating that the $5,000 contemplated $3,000 for attorney fees and $2,000 for aggravation and inconvenience. On April 2, defendant's counsel responded, noting that plaintiff's March 27 letter was nonresponsive to defendant's letters with respect to its request for concrete amounts. Defendant noted that there was no possible way plaintiff's attorney had incurred $3,000 in attorney fees in such a short time and given the fact that only an initial consultation with plaintiff and the writing of a few letters had occurred. As noted above, plaintiff filed his complaint against defendant on April 1.

On May 8, defendant filed a motion to involuntarily dismiss counts I through III of plaintiff's complaint, arguing that they were barred by affirmative matter. Specifically, defendant maintained that its unconditional tender of an offer to make plaintiff whole meant that plaintiff could not demonstrate damages. Thereafter, plaintiff filed a response and defendant filed a reply.

On October 25, the trial court granted defendant's motion and

dismissed plaintiff's complaint in its entirety.[2] The trial court dismissed count I, relying on *Hayman v. Autohaus on Edens, Inc.*, 315 Ill. App. 3d 1075, 734 N.E.2d 1012 (2000). According to the court, defendant had offered to make plaintiff whole by cancelling the contract, refunding plaintiff the monies he had expended, and paying any reasonable attorney fees and expenses incurred by plaintiff. With respect to attorney fees, the trial court specifically noted that under the Consumer Fraud Act, plaintiff would only be entitled to reasonable attorney fees, which was what defendant had offered to pay. With respect to aggravation and inconvenience, the trial court found that plaintiff's claims were unspecified even though defendant had promptly offered to make plaintiff whole. Lastly, with respect to punitive damages, the trial court found that plaintiff would only be entitled to them if compensatory damages were allowed. However, because defendant tendered an offer to make plaintiff whole, plaintiff had no compensatory damages and, therefore, punitive damages were not available. This appeal followed.

## ANALYSIS

Plaintiff contends that the trial court erred in granting defendant's motion to dismiss his Consumer Fraud Act claim because: (1) *Hayman* is distinguishable and the trial court erred in relying on it; (2) defendant's presuit offer was a compromise offer and, therefore, a fact question existed precluding dismissal; and (3) defendant's presuit offer did not make plaintiff whole and, therefore, plaintiff's lawsuit was not barred.

Defendant contends that the trial court properly dismissed plaintiff's consumer fraud claim because it tendered an unconditional offer to plaintiff and, based on this offer, plaintiff could not show damages and, therefore, his claim was barred.

Because plaintiff's complaint was dismissed pursuant to section 2—619(a)(9) of the Code of Civil Procedure, *i.e.*, it was barred by some affirmative matter defeating the claim, our standard of review is *de novo*. *Travis v. American Manufacturers Mutual Insurance Co.*, 335 Ill. App. 3d 1171, 1175, 782 N.E.2d 322 (2002).

---

[2]The trial court, although noting that Ford had not joined in defendant's motion to dismiss, concluded that Ford was entitled to dismissal because, since plaintiff had no claim against defendant, plaintiff therefore had no claim against Ford. We note that Ford had filed a motion to dismiss plaintiff's complaint for failure to state a cause of action. Apparently, however, the court never specifically ruled upon this motion. The trial court also dismissed counts II and III of plaintiff's complaint, which are not at issue in this appeal.

## I. *Hayman*

In *Hayman*, the plaintiff leased a vehicle from the defendant, which he could purchase at the end of the lease term for $17,314.24 pursuant to the lease agreement. *Hayman*, 315 Ill. App. 3d at 1076. Upon expiration of the lease, the plaintiff purchased the vehicle, but for $17,613.24. At the time of the purchase, the plaintiff did not know that the price was $299 more than that stated in the lease agreement. Thereafter, the plaintiff learned of the difference and telephoned the defendant on November 23, 1999. The defendant advised the plaintiff that the $299 difference was a service fee. The plaintiff demanded a return of the $299, but the defendant refused. The plaintiff then spoke with his attorney, who prepared to file a lawsuit. Prior to the lawsuit being filed, the defendant changed its mind and, on November 25, sent the plaintiff a check for $299. The plaintiff refused the check and instead filed a lawsuit, alleging common law fraud, a violation of the Consumer Fraud Act, and conversion. *Hayman*, 315 Ill. App. 3d at 1076. The defendant then filed a motion to dismiss the plaintiff's complaint, which the trial court granted, finding that the plaintiff was unable to state a cause of action because the defendant had tendered to the plaintiff a check for $299 prior to the time suit was filed. *Hayman*, 315 Ill. App. 3d at 1077. The plaintiff appealed, but only the common law fraud and conversion claims.

■ On appeal, the plaintiff argued that the $299 did not grant him the recovery to which he was entitled because it did not include attorney fees, interest, and punitive damages. The *Hayman* court disagreed, concluding that by making the full payment on the amount the plaintiff sought, the tender by the defendant mooted the plaintiff's claims. With respect to attorney fees, the *Hayman* court noted that there was no statutory or contractual agreement for attorney fees, so the plaintiff was not entitled to any. *Hayman*, 315 Ill. App. 3d at 1077. With respect to interest, the *Hayman* court found that the amount was "too trivial to justify an imposition upon the administration of civil justice." *Hayman*, 315 Ill. App. 3d at 1078. The *Hayman* court thus concluded that the defendant's tender of $299, the full amount owed to the plaintiff, rendered the plaintiff's claim for fraudulent misrepresentation and conversion moot. Specifically, the *Hayman* court stated that "[t]his was an event that made it impossible for the [trial] court to grant effectual relief and eliminated any actual controversy." *Hayman*, 315 Ill. App. 3d at 1078. The *Hayman* court further found that the $299 was not "a settlement or a compromise of an ongoing dispute. It was a total refund of the amount demanded" and, thus, "[o]nce the payment was tendered, there was no controversy." *Hayman*, 315 Ill. App. 3d at 1078.

With respect to *Hayman*, plaintiff maintains that it is distinguishable both on its facts and procedurally. Plaintiff argues that the defendant in *Hayman* sent a refund to the plaintiff within two days, whereas defendant here did not make any offer to plaintiff until two weeks after plaintiff had retained counsel. Plaintiff further argues that defendant's presuit offer was not like the refund made in *Hayman* because defendant did not agree to settle the claim for the specific relief plaintiff sought. Plaintiff also maintains that *Hayman* is not applicable because the plaintiff in *Hayman* did not appeal the dismissal of his consumer fraud claim and, thus, the court there was not confronted with the issue of whether a plaintiff was made whole and his claim under the Consumer Fraud Act therefore barred by a presuit settlement offer that did not include the payment of attorney fees.

■ While we agree that the factual and procedural posture of *Hayman* is different based on the time frame of the offers (two to three days in *Hayman* and upwards of five weeks here) and the fact that the defendant in *Hayman* actually sent the plaintiff money, whereas defendant did not do so here, we do not find that these differences preclude application of the rule of law set forth by *Hayman, i.e.*, that when a defendant unconditionally tenders the full amount owed to a plaintiff prior to a lawsuit being filed, no controversy exists between the parties and any lawsuit is rendered moot. With respect to plaintiff's argument that the cases are not the same because defendant here did not agree to settle the claim for the specific relief plaintiff sought, we find this argument unpersuasive. Plaintiff originally demanded $60,000 in settlement. However, plaintiff did not specify any basis for this amount, nor does plaintiff set forth any authority in his briefs before this court entitling him to such an amount. More importantly, though, we believe that the focus of an offer is on the amount *owed* to a plaintiff, not on the amount a plaintiff claims or demands. See *Bates v. William Chevrolet/Geo, Inc.*, 337 Ill. App. 3d 151, 161-62, 785 N.E.2d 53 (2003). Clearly, a plaintiff can demand any amount, like plaintiff did here, without any basis for doing so. However, under the Consumer Fraud Act, a plaintiff is only entitled to actual damages, which the plaintiff must prove before the trial court, punitive damages (perhaps), and *reasonable* attorney fees and costs. A plaintiff cannot simply pick any number out of the air and be compensated for that amount, without any proof. Accordingly, the focus of an offer should be on the amount owed a plaintiff, *i.e.*, that amount a plaintiff would be able to prove at a trial.

With respect to plaintiff's argument that the plaintiff in *Hayman* did not appeal the Consumer Fraud Act claim, we note that the only affect on the ruling in *Hayman* as a result of the plaintiff's failure to

do so was that it negated any basis for the plaintiff's recovery of attorney fees. It did not negate the basic law espoused by *Hayman*. Clearly, then, as plaintiff argues, the *Hayman* court did not address the issue before this court. However, we again do not believe that this is fatal to application of the rule of law espoused by *Hayman*.

Accordingly, we find that the rule set forth in *Hayman*—when a defendant unconditionally tenders the full amount owed to a plaintiff prior to the time a lawsuit is filed, no controversy exists between the parties and the lawsuit is rendered moot—applies to the factual scenario in the instant case. However, the question remains here whether defendant tendered the full amount owed to plaintiff. More specifically, is an offer to pay reasonable attorney fees, without specifying an exact amount, sufficient to constitute a full tender?

## II. Presuit Offer

Plaintiff maintains that defendant's presuit offer did not make him whole because defendant never offered any money to compensate him for his attorney fees. According to plaintiff, an offer to pay attorney fees without offering a specific amount is not an offer that makes one whole, nor an offer for fees under the Consumer Fraud Act.

Defendant maintains that, contrary to plaintiff's assertion, the record clearly established that defendant agreed to pay reasonable attorney fees to plaintiff, which is all plaintiff is entitled to under the Consumer Fraud Act.

As noted above, the question is whether defendant must offer a specific amount, rather than simply offer to pay "reasonable" attorney fees, for such an offer to constitute a full tender. We do not believe so.

Initially, we note that the two cases relied upon by plaintiff, *Bates* and *Jones v. William Buick, Inc.*, 337 Ill. App. 3d 339, 785 N.E.2d 910 (2003), for the proposition that a defendant must offer a specific amount as attorney fees, are not on point. In both cases, involving claims under the Consumer Fraud Act, *inter alia*, the defendants merely refunded the plaintiffs' down payments, but did not refund or make any offer to compensate the plaintiffs for attorney fees. *Bates*, 337 Ill. App. 3d at 162 (because the defendant did not tender attorney fees to the plaintiff, which are recoverable under the Consumer Fraud Act, the defendant's offer did not constitute a tender of the "full amount" owed to the plaintiff); *Jones*, 337 Ill. App. 3d at 342-43 (where the plaintiffs had not abandoned their claim under the Consumer Fraud Act, like the plaintiff in *Hayman* had, there was a statutory basis for recovery of attorney fees, and the defendant's refund of only the plaintiffs' down payment precluded application of

the holding in *Hayman*). Thus, the question in neither of these cases was whether the tender of an offer to pay reasonable attorney fees was a full tender because no attorney fees had been offered. Accordingly, these cases do not support plaintiff's position that the failure to offer a specific amount for attorney fees is not an offer for fees under the Consumer Fraud Act, nor an offer that makes one whole.

We find plaintiff's argument, that a defendant must offer a specific amount to a plaintiff to be sufficient to constitute a full tender of payment owed to a plaintiff, illogical. How can a defendant know what amount to offer? Also, why should a defendant be forced to rely on or pay any amount demanded by a plaintiff without documentation or substantiation? Imposition of such a burden on defendants would be troubling in light of the general laws, set forth below, with respect to recovery of attorney fees.

■ The law is clear, under the Consumer Fraud Act, that a plaintiff is entitled only to reasonable attorney fees and costs (815 ILCS 505/ 10a(c) (West 2000); *Majcher v. Laurel Motors, Inc.*, 287 Ill. App. 3d 719, 732, 680 N.E.2d 416 (1997)) and this entitlement is limited to only those fees incurred by the plaintiff that were for work specifically related to the consumer fraud claim. *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 286 Ill. App. 3d 1028, 1033, 677 N.E.2d 976 (1997). A plaintiff has the burden of proving entitlement to fees in the first place. *Schorsch*, 286 Ill. App. 3d at 1033. Moreover, it is incumbent upon a plaintiff to submit sufficient evidence to the trial court to support his request for attorney fees. *Schorsch*, 286 Ill. App. 3d at 1031. See also *J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 325 Ill. App. 3d 276, 283, 757 N.E.2d 1271 (2001) (the party seeking attorney fees has the burden of presenting the trial court with sufficient evidence so that it can determine if the requested amount is reasonable); *Prior Plumbing & Heating Co. v. Hagins*, 258 Ill. App. 3d 683, 688, 630 N.E.2d 1208 (1994) (same). In this regard, the party seeking attorney fees and costs must submit a fee petition to the court "with detailed records containing facts and computations upon which charges are predicated specifying the services performed, by whom they were performed, the time expended and the hourly rate charged." *Prior Plumbing & Heating Co.*, 258 Ill. App. 3d at 688. Thereafter, the trial court must determine whether the requested fees are reasonable or not. *Prior Plumbing & Heating Co.*, 258 Ill. App. 3d at 689.

■ Under these general principles, it is clear that a trial court would not, and could not, accept a party's request for attorney fees in any particular amount, *i.e.*, $3,000, without proof. We see no reason to impose such a burden or requirement on a defendant attempting to tender the full amount owed to a plaintiff in settlement of a claim.

Such a requirement simply does not comport with the principles of law with respect to attorney fees.

Accordingly, we conclude that defendant here did tender the full amount owed to plaintiff. Specifically, defendant offered to cancel the contract, refund all amounts paid by plaintiff on the van, pay all reasonable attorney fees, and pay all losses, costs, and expenses incurred by plaintiff. All defendant required to complete the deal was for plaintiff to document its attorney fees and expenses/losses—the same thing a trial court would have required. Defendant made it clear that upon receipt of documentation, it would forward a reimbursement to plaintiff. We believe this is all that was necessary to come within the confines of the *Hayman* rule. As such, we find that the trial court did not err in dismissing count I of plaintiff's complaint. Based on our disposition of this issue, we need not address plaintiff's argument that defendant's offer was merely a compromise offer.

## CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Cook County.

Affirmed.

WOLFSON, P.J., and GARCIA, J., concur.