2022 IL App (2d) 210610-U
No. 2-21-0610
Order filed July 19, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| PERLA C. ROMERO, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | Nos. 20-SC-1613, 20-SC-1662 |
| v. | ) | |
| | ) | |
| INES R. RINGLER, | ) | Honorable |
| | ) | Patricia L. Cornell, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) The plaintiff forfeited her contention that the trial court erred in denying her petition for substitution of judge for cause; (2) trial court did not err in determining that it lacked subject matter jurisdiction to consider one of the plaintiff's claims; (3) trial court's judgment in favor of the defendant on the plaintiff's other claim was not against the manifest weight of the evidence.

¶ 2    The plaintiff, Perla Romero, brought two small claims actions against her older sister, defendant Ines Ringler, seeking $10,000 in damages. The trial court dismissed one of the plaintiff's claims and entered judgment for the defendant on the other. The trial court also denied the plaintiff's petition for substitution of judge for cause. The plaintiff appeals from all of those orders. We affirm.

¶ 3                                              I. BACKGROUND

¶ 4      The plaintiff filed two separate claims against the defendant alleging that the defendant had failed to pay debts.  The first claim sought $3,700, and the second claim sought $6,300.

¶ 5      Prior to trial, the plaintiff filed a petition for substitution of judge (Judge Cornell) for cause. The petition alleged that the trial court had improperly (1) denied her motion for limited discovery; (2) muted her while she was on the phone, and (3) yelled at her on multiple occasions.  The petition further alleged that the trial court did not treat the defendant the same way.

¶ 6      On September 13, 2021, a judge other than Judge Cornell denied the petition, finding there was no actual prejudice on the record.

¶ 7      On September 17, 2021, the trial court conducted a trial on the plaintiff's claims.  The plaintiff testified that she bought some land in Mexico from the defendant in exchange for $3,700 and a 2010 Nissan Versa.  The defendant failed to deliver the land, so the parties agreed that the defendant would give her $3,700 back plus the value of the Nissan ($6,300).  The plaintiff testified that the defendant had not repaid her.  The plaintiff then filed two claims against the defendant in small claims court.  Claim number 1613 sought $3,700 and claim number 1662 sought $6,300.

¶ 8      Regarding claim number 1613, the plaintiff acknowledged that, prior to her filing her claim, the defendant had given her $3,700 in checks made payable to her.  She insisted, however, that the checks were not payment but instead acted as a receipt or a paper record of the $3,700 debt.  As to claim number 1662, the plaintiff acknowledged that she had received numerous money orders from the defendant, but she maintained that the defendant still owed her more money.

¶ 9      The defendant testified that, prior to the plaintiff filing claim number 1613, she had given the plaintiff two checks for her debt for a total of $3,700. The plaintiff had not cashed those checks. As to claim 1662, the defendant testified that she paid the plaintiff $2,000 in cash as a down

payment for the Nissan. After giving the plaintiff the cash, she accompanied the plaintiff and the plaintiff's husband to the Secretary of State's office where the title to the car was transferred to her. The defendant then presented evidence that the plaintiff had cashed $4,300 in money orders, which was the balance of the money that she owed the plaintiff.

¶ 10 On September 20, 2021, the trial court entered orders resolving the plaintiff's claims. As to claim number 1613, the trial court found that the plaintiff had loaned the defendant $3,700 and that the defendant, prior to the plaintiff filing her action, had repaid the plaintiff by giving her two checks totaling $3,700. The trial court therefore dismissed that claim due to a lack of subject matter jurisdiction because no controversy existed between the parties.

¶ 11 As to claim number 1662, the trial court found that the defendant had given the plaintiff money orders totaling $4,300. The trial court also found credible the defendant's testimony that she had paid the plaintiff $2,000 cash for the car. The trial court determined that this was consistent with the evidence that showed the plaintiff had the car's title transferred to the defendant after the defendant claimed she had paid the plaintiff $2,000. As the trial court found the defendant had paid the debt in full, the trial court entered judgment in favor of the defendant.

¶ 12 The plaintiff thereafter filed a timely notice of appeal of the trial court's September 13 and 20, 2021 orders.

¶ 13                                   II. ANALYSIS

¶ 14 On appeal, the plaintiff raises three issues, that being the trial court erred in (1) denying her petition for substitution of judge; (2) dismissing claim number 1613 for lack of subject matter jurisdiction; and (3) "finding credible the lies of the [d]efendant" and entering judgment for the defendant on claim number 1662.

¶ 15    As to her first contention, the plaintiff presents no argument in her opening brief as to why the trial court erred in denying her petition for substitution of judge.  That argument is therefore forfeited.  See Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017) (points not argued are forfeited and shall not be raised in the appellant's reply brief); *Vassell v. Presence Saint Francis Hospital*, 2018 IL App (1st) 163102, ¶ 66 (arguments not developed in opening brief are forfeited).

¶ 16    Turning to the plaintiff's second contention, she argues that the trial court erred in determining that it lacked subject matter jurisdiction over claim number 1613.  Whether a circuit court has subject-matter jurisdiction to entertain a claim presents a question of law, which we review *de novo*.  *McCormick v. Robertson*, 2015 IL 118230, ¶ 18.  Subject-matter jurisdiction refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs.  *In re Estate of Martin*, 2020 IL App (2d) 190140, ¶ 38.  "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution."  *McCormick*, 2015 IL 118230, ¶ 19.

¶ 17    Under section 9 of article VI of the Illinois Constitution, the jurisdiction of circuit courts extends to all "justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office."  Ill. Const. 1970, art. VI, § 9.  So long as a matter brought before the circuit court is justiciable and does not fall within the original and exclusive jurisdiction of the supreme court, the circuit court has subject-matter jurisdiction to consider it.  *Martin*, 2020 IL App (2d) 190140, ¶ 39.  A matter is considered justiciable when it presents "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests."  *Belleville Toyota, Inc.*

*v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335 (2002). The lack of subject matter jurisdiction deprives the trial court of all power except to dismiss the action. *Brandon v. Bonell*, 368 Ill. App. 3d 492, 501-02 (2006).

¶ 18    When a defendant unconditionally tenders the full amount owed to a plaintiff prior to a lawsuit being filed, no controversy exists between the parties and any lawsuit is rendered moot. *Huss v. Sessler Ford, Inc.*, 343 Ill. App. 3d 835, 841 (2003). For evaluating mootness, it does not matter whether the plaintiff accepts or rejects the pre-suit tender. *Alderson v. Weinstein*, 2018 IL App (2d) 170498, ¶ 8.

¶ 19    Here, in case number 1613, the plaintiff acknowledges that, prior to filing her claim, she received $3,700 in checks from the defendant, which is equivalent to the amount that she claims was owed to her. The defendant's tendering of those checks rendered the controversy between her and the plaintiff moot. See *Huss*, 343 Ill. App. 3d at 841. The fact that the plaintiff did not cash those checks and instead treated them as a receipt for the debt owed to her does not change our analysis. See *Alderson*, 2018 IL App (2d) 170498, ¶ 8. As such, the trial court properly dismissed the plaintiff's claim in case number 1613 on subject matter jurisdiction grounds. See *Brandon*, 368 Ill. App. 3d at 501-02.

¶ 20    Turning to the plaintiff's final contention, she insists that the trial court erred in finding the defendant credible and entering judgment for the defendant in case number 1662. The credibility of witnesses and the weight to be given their testimony is a matter for the trier of fact, and a reviewing court will not substitute its judgment on such matters. The rule is not absolute, however. Testimony that is so inherently improbable as to be contrary to common experience must be rejected. *In re Marriage of Gordon*, 233 Ill. App. 3d 617, 657-58. (1992).

¶ 21     When the trial court's findings of fact depend upon the credibility of a witness, we defer to the trial court's findings unless they are against the manifest weight of the evidence. *Chicago Investment Corp. v. Dolins*, 107 Ill. 2d 120, 124 (1985).  A factual finding is against the manifest weight of the evidence when the opposite conclusion is clearly apparent. *Aliano v. Transform SR LLC*, 2020 IL App (1st) 172325, ¶ 21.

¶ 22     Here, the trial court's determination that the defendant's testimony was credible was not against the manifest weight of the evidence.  The defendant testified that after she gave the plaintiff $2,000 in cash, the plaintiff went with her to the Secretary of State's office and the title to the car was transferred to her.  The logical inference from the defendant's testimony and the record is that the plaintiff would not have transferred the car's title to the defendant had she not received a down payment from the plaintiff.  As such, based on this record,[1] there is no basis for us to disturb the trial court's judgment.  *Dolins*, 107 Ill. 2d at 124.

¶ 23                                    III. CONCLUSION

¶ 24     For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

———————————————

[1]The plaintiff complains that the record does not accurately reflect all the testimony.  She suggests that this is because the trial proceedings were conducted via zoom which hindered the testimony from being properly recorded.  We note that it is the appellant's burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).  However, even if we were to overlook the plaintiff's burden and construe all the testimony that is allegedly missing or improperly quoted in the record in the plaintiff's favor, we would still conclude that the record does not indicate that the trial court's judgment was against the manifest weight of the evidence.

¶ 25    Affirmed.